## JAMES H. ROBERTS
### *v.*
### ANN RICHARDS *et al.*

1. ABSOLUTE DEED — *equitable mortgage.* A deed absolute in terms, given to indemnify another person, for moneys agreed to be paid on the debts of the grantor, operates in equity as a mortgage.

2. SAME. Such a deed is a lien upon the lands so conveyed, for the amount paid under the agreement, but the grantee has no lien on the lands for the unpaid balance of such debts. If his administratrix had paid the debts after they were allowed against his estate, her lien would then have been complete.

3. SAME. The indebtedness of the grantor to the administratrix, incurred after the death of her intestate, is no lien upon the lands.

4. CREDITORS — *subrogation.* The lands having been pledged to the grantee, to indemnify him for the payment of the grantor's debts, it became a trust fund, and the creditors of the grantor will be subrogated to the security.

5. The administratrix, after the debts were allowed against the estate of the grantee, might resort to equity to subject the lands to the payment of the debts for which they were pledged, or the creditors might in like manner have their debts satisfied.

6. CONVEYANCE — *a second sale by the grantor.* Such a grantor having afterwards conveyed the premises to another person, the second grantee succeeded to all of his rights, and might redeem them by discharging the debts for which they were pledged.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a bill in chancery, filed the 6th day of January, 1862, in the court below, by James H. Roberts, against Ann

Richards, administratrix of Thomas Richards, deceased, Maria S. Richards, and Ann Richards, for the purpose of having a deed, absolute in terms, executed by George L. Roberts to Thomas Richards, for the E. ½ S. E. Sec. 2, and the E. ½ N. E. 11, T. 7 N., R. 8 W., declared a mortgage; and to allow a redemption, and have the deed canceled; and also to enjoin a sale of the lands decreed to be sold by the County Court of Macoupin, for the payment of the debts of the estate of Thomas Richards, deceased.

It appears from the record, that on the 29th day of April, 1854, George L. Roberts, jointly with one O. B. Nance, made their promissory note, for fifty dollars, to Wm. R. Moffitt, payable on the first of October following its date. He also made another note on the 3rd of May, 1854, payable to William Myers, for $51.30, payable on the first of October following; both bearing interest. Both notes were made in the State of Texas. Some time previous to the 1st of May, 1855—the date of the deed—one Alfred Smith, of Macoupin county, had the notes in his possession, and presented them to Roberts for payment, but he having no money, Richards verbally agreed to pay the notes. In consequence of that promise, Roberts made the conveyance to Richards, to secure him in any sum he might pay on the notes. It seems to have been the understanding between the parties, that Richards was not to have the deed recorded, but when Roberts paid to him any sum he might pay on the notes, he was to deliver the deed to Roberts. This seems, from the evidence, to have been the only consideration for the conveyance.

It does not appear that Richards ever gave to Smith any writing, to evidence his agreement to pay the notes; and that a deed was made instead of a mortgage, because the parties had a blank form of a deed, which was used instead of a mortgage. Smith did not release Roberts from the payment of the notes, or surrender them to him. Richards died about the month of January, 1856, without having reconveyed the premises to Roberts, or returned the deed to him.

Richards appears to have exercised no acts of ownership over

the land, or paid any taxes thereon, after the deed was made to him.   It also appears that the deed was inadvertently recorded, and that Richards in his last illness directed his wife to return the deed to Roberts.   It also appears that Roberts, on the 25th of January, 1858, conveyed the land to complainant.

It was insisted by way of defense, that George L. Roberts boarded with Richards, in his lifetime, and with defendant after his death, and that he owed a grocery bill, and for money received, in all amounting to $346.10.   That Richards paid, on the note, $17.28, and the balance of $136.92 was allowed against the estate ; and that the land was not to be reconveyed until all indebtedness was paid to Richards.

The evidence of George L. Roberts disproves the indebtedness insisted upon in the defense, or that Richards was to hold the land as security for any purpose except as an indemnity against liability on the Texas notes.

It appears defendant, as administratrix of Richards, had procured an order for the sale of this and other lands, for the payment of debts, and that Richards paid the sum of $17.28 on the notes.

On a final hearing of the cause, the court below dismissed the bill, and rendered a decree against complainants for costs. To reverse which, complainant brings the cause to this court, and assigns the following errors :

1.   The refusal of the Circuit Court to cancel, annul, and order a delivery to the complainant, of the instrument, or writing, from George Roberts to Thomas Richards.

2.   The refusal of the Circuit Court to order that there be entered in writing, upon the margin of the face of the record, in which said instrument or writing is recorded, a memorandum declaring the said deed annulled and canceled.

3.   The refusal of the court to make a decree in favor of complainant as prayed for.

4.   The finding of the issues, by the Circuit Court, for the defendant.

5.   The order of the Circuit Court dismissing complainant's bill.

6.    The order of the Circuit Court, that the defendants recover costs in said cause.

7.    The refusal by the Circuit Court to grant a new trial, as prayed for by complainant; and for other errors.

Messrs. WOODSON & WALKER, for the Plaintiff in Error.

Mr. S. S. GILBERT, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

There can be no doubt that the deed operated as a mortgage in equity, for all payments made by Richards upon the debts, and such was the manifest design of the parties. And to that extent, with its accruing interest, it is a mortgage to the estate of Richards, and is a lien upon the lands in favor of the administratrix. Richards, however, having failed to pay the balance on the notes, held no lien upon the lands for the remainder, nor do his representatives. The agreement was only partially executed, and it would be inequitable to hold the lands liable to pay the debts of the estate of Richards, beyond the sum advanced in his lifetime and the portion of the debts since allowed against his estate. Had his administratrix paid the balance on the notes allowed against the estate, then the lien against the land would have been complete in her favor, to the extent of the two notes and interest.

Nor can the administratrix claim to have any lien on the lands for indebtedness which has accrued to her outside of the agreement. No agreement between her and George Roberts is shown, that could render the land liable for the amount he has become indebted to her. Nor is there any evidence that credit was given by Richards on the faith that the lands should be held as a security at the time the indebtedness was incurred, or that the lands should be held therefor.

The question, however, remains to be considered, whether by pledging the lands to Richards for the payment of the notes, he did not become a trustee, and hold the lands charged with their

payment. And when the claims were allowed against the estate of Richards, the trust fund did not then become charged with their payment, and did not authorize the administratrix to resort in equity to the fund for that purpose. Or whether the creditors holding the claims might not have exhibited their bill and had the land sold for their satisfaction, by having themselves subrogated to the rights of the administratrix. As equitable beneficiaries of the trust fund they undoubtedly had the right to have it applied to the discharge of their claims.

But inasmuch as the conveyance was, in legal effect, but a mortgage, Roberts, or his assignees, had a right to discharge the lien and satisfy the mortgage by paying the notes and interest, and refunding to the representative of Richards' estate the amount advanced by him, with the accruing interest. The absolute title to the land never having vested in Richards or his heirs, in equity, it still remained subject to redemption from the lien with which it was thus charged, and plaintiff in error having received a conveyance from George Roberts, he succeeded to all of the rights of the latter. And having offered to redeem and to pay any lien upon the land, and the bill containing the general prayer for relief, the court below should have permitted a redemption. The decree of the court below must be reversed and the cause remanded, with instructions that the court ascertain, by a reference to the master or otherwise, the sum due upon the notes, and also the sum due to the estate of Richards, for money advanced by him as a payment on the notes, or either of them, and require its payment within ninety days from the time of rendering the decree, and decree that in default of its payment, all, or so much of the land be sold by the master in chancery as may be necessary to pay the money. And that the deed from George Roberts be canceled. And further, that the administratrix be enjoined from proceeding to sell the land under the order of the County Court. And in case of the sale of the lands, the money found to be due the estate of Richards and the balance on the notes be paid, and any surplus that may remain be paid to plaintiff in error.

*Decree reversed.*