Michael Madigan *vs.* John Mead, impleaded, etc.

### September 5, 1883.

**Absolute Deed shown by Parol Evidence to be a Mortgage.**—A deed absolute on its face may be shown to have been intended as security only, and established as a mortgage by parol evidence.

**Mortgage to Secure Future Optional Loans.**—A mortgage may be given to secure future optional advances, and contingent debts and liabilities, as well as those already existing and certain.' The only material question in such cases is that of the good faith of the transaction.

**Same—Action for Accounting and Redemption.**—Where, for the accommodation of the plaintiff, the defendant took a conveyance of lands, made by the plaintiff in good faith, absolute in terms, but in fact intended as security merely for advances and expenses which defendant should make and incur in settling and paying certain incumbrances upon the property, and other debts owing by plaintiff, *held*, as between the parties, to be a mortgage, and that plaintiff might maintain an action for

an accounting and redemption of the premises from the defendant in possession.

**Practice—Findings of Fact—Case.**—A party alleging errors in the findings of fact by a referee, upon the evidence, must present the proper record of the evidence by a case or bill of exceptions, in order to render his objections available.

Plaintiff brought this action in the district court for Houston county, to redeem certain premises from a conveyance which the complaint alleged was a mortgage in fact although a deed in form, and for an accounting by defendant Mead, who held the title. The defendants made default, and the action was referred to a referee to take proofs and an accounting. The referee having found the facts as recited in the opinion, the court, *Farmer*, J., presiding, ordered judgment for plaintiff, which was entered, and the defendant Mead appealed.

*Hugh Cameron* and *G. J. Lomen*, for appellant.

The complaint alleges neither fraud, surprise nor mistake, without which a deed absolute on its face cannot be shown to be intended for a mortgage. *McCane* v. *White*, 5 Minn. 139, (178;) *Gray* v. *Stockton*, 8 Minn. 472, (529;) *Belote* v. *Morrison*, 8 Minn. 62, (97;) *Russell* v. *Schurmier*, 9 Minn, 16, (28;) *Glover* v, *Payn*, 19 Wend. 518.

A parol agreement by grantee to hold in trust for grantor will not create a trust enforceable in equity, though there is no consideration paid by the grantee. 2 Story, Eq. Jur. § 792; *Titcomb* v. *Merrill*, 10 Allen, 15; Gen. St. 1878, c. 43, §§ 3, 16. The deeds do not constitute a defeasible purchase or conditional sale. There was no limitation as to time or amount. *Slowey* v. *McMurray*, 27 Mo. 113; *Slutz* v. *Desenberg*, 28 Ohio St. 371; *Watson* v. *Dickens*, 12 S. & M. (Miss.) 608; Powell on Mortgages, 130.

The facts do not constitute the deeds mortgages. The relation of debtor and creditor did not exist. *Glover* v. *Payn*, *Slutz* v. *Desenberg*, *supra*. The debts were unliquidated, and no time fixed for payment. *Bethlehem* v. *Annis*, 40 N. H. 34. Defendant had no power to foreclose. If plaintiff did not pay the debts, and the rents and profits were not sufficient to pay them, the defendant had no remedy by foreclosure or otherwise, and consequently plaintiff had no power to re-

deem, because the right to foreclose and the right to redeem are reciprocal. *King* v. *Meighen,* 20 Minn. 237, (264.) The deeds were not treated as mortgages. A mortgagee is not entitled to possession before foreclosure.

If the deeds were mortgages, the right of redemption is barred by the statute of limitations. If there was a debt, it became due on the day of the date of the deed. *Kennedy* v. *Williams,* 11 Minn. 219, (314;) *King* v. *Meighen, supra;* 2 Story, Eq. Jur. § 1028.

*James O'Brien,* for respondent.

VANDERBURGH, J. In 1871, the plaintiff, owning the house and lot in controversy, which were heavily incumbered with mortgages and judgment liens, and being otherwise also indebted, entered into an agreement by parol with the defendant Roach, by which, as he alleges in substance, the latter would take a conveyance of the premises as security for all sums which should be advanced by him in the payment of such debts, and, on being reimbursed therefor out of the rents of the premises, or by repayment thereof by plaintiff, together with interest and expenses, he should reconvey the same to plaintiff. The defendant Roach, accordingly, received a conveyance of the premises from plaintiff, and entered into possession. Thereafter, on the first of April, 1872, by the mutual agreement and understanding of all the parties, and at the request of the defendant Roach and the plaintiff, the defendant Mead, being fully advised in the premises, accepted a conveyance of the land in question upon the same terms and conditions, and thereafter entered into possession, paid off all the debts and liabilities of plaintiff, together with certain sums for taxes and insurance, and in the mean time, and to the time of the commencement of the action, received the rents. The consideration expressed in the deed is the sum of $400. Such conveyance is not necessarily fraudulent, and may be interpreted to be a mortgage.

1. That a deed absolute on its face may be shown to have been intended as security merely, and be established as a mortgage, is well settled. *Phœnix* v. *Gardner,* 13 Minn. 396, (430;) *Holton* v. *Meighen,* 15 Minn. 50, (69.) And it is not material whether the security be intended for an existing debt, for future advances, or indemnity for a contingent or uncertain liability, nor that a money consideration is

recited in the deed which is not in fact paid. If the purpose is an honest one, and the instrument is really intended for security, whether for a present or future, actual or contingent, liability, the real nature of the transaction may be shown in equity, because its real character must be determined by the actual facts, and not by words merely. Parol evidence may, therefore, be permitted, not to contradict the terms of the writing, but to show the plaintiff's equities in the case, or, as it is sometimes said, to establish an equity superior to the terms of the deed, and because it would be a fraudulent act, which a court of equity would not permit, for the holder of the deed to use it contrary to the terms and understanding upon which he received it. 1 Jones on Mortgages, §§ 285, 288. It is enough, however, to say, as held in *Peugh* v. *Davis*, 96 U. S. 332, that, as the equity upon which the court acts arises from the real character of the transaction, either parol or written evidence is admissible to establish it.

2. Any conveyance intended to be a security for the payment of money, or the performance of some duty, is a mortgage. 2 Washb. Real Prop. (4th Ed.) 42. And, in order to carry out the actual intention in such case, an enlarged view of the facts constituting the transaction will be taken by the court. *Steel* v. *Steel*, 4 Allen, 417; *Lanfair* v. *Lanfair*, 18 Pick. 299; *Wilcox* v. *Bates*, 26 Wis. 465.

In the case at bar, assuming the complaint to be true, the intention of the parties must be construed to be that the defendant was to take the deed as security for his advances and expenses in settling and paying off the incumbrances against the property, and other debts of plaintiff, and, on being reimbursed therefor, to reconvey the land to the plaintiff. Accepting the conveyance on these conditions, he could hold the property on no other.

The terms of the agreement, as alleged; are indefinite and uncertain as to the time and method of its execution, yet they are sufficient to sustain the transaction as a mortgage. And if the defendant failed to make provision for the debts as they matured, creditors interested might, under such circumstances, compel an appropriation of the property and the satisfaction of their demands. *Roberts* v. *Richards*, 36 Ill. 339; *Saylors* v. *Saylors*, 3 Heisk. 525. And doubtless, also, upon plaintiff's payment of the debts, even if the obligation

to pay them on defendant's part is to be deemed optional merely, the latter would be bound to surrender the security to plaintiff on equitable terms, if unwilling or unable to comply with the conditions as expressly understood or necessarily implied in the agreement.   There is no controversy over the facts, and no facts appear or are suggested indicating a fraudulent purpose.    *Roberts* v. *Richards, supra; Haigh* v. *Kaye*, L. R. 7 Ch. App. 469.   If the instrument had been in form a mortgage, and the conditions, instead of resting in parol, had been expressed on its face, it would have been upheld as a valid mortgage. *Myers's Appeal*, 42 Pa. St. 518.   And so, upon the facts as alleged, which are consistent with an honest intent to provide for the creditors of plaintiff, this deed may be construed and upheld as a mortgage to secure the advances which the defendant might make, under the alleged agreement, for the accommodation of plaintiff.   In *Wilcox* v. *Bates, supra,* the defendant took title upon a foreclosure sale, under a previous parol arrangement that he should hold it as security for the sum to be advanced on the purchase of the premises; *held,* a mortgage.

As between the parties, at least, the doctrine is well established that a mortgage may be made to secure future optional advances, or to secure the mortgagee in advance for an optional liability as indorser or security.   *Robinson* v. *Williams*, 22 N. Y. 380; *Ackerman* v. *Hunsicker*, 85 N. Y. 43; *Babcock* v. *Bridge*, 29 Barb. 427; 1 Jones on Mortgages, §§ 369, 372, etc.; *Boswell* v. *Goodwin*, 31 Conn. 74; *McDaniels* v. *Colvin*, 16 Vt. 300.   "Mortgages may as well be given to secure future advances and contingent debts as those which already exist, and are certain and due.   The only question that properly arises in such cases is the *bona fides* of the transaction."   *Conard* v. *Atlantic Ins. Co.,* 1 Pet. 386, 448; *Myers's Appeal, supra.*

We are of the opinion, therefore, that the plaintiff was entitled to maintain this action for an accounting and redemption of the premises from the defendant in possession.

The appellant claims that there were errors made in the accounting to his prejudice, and that he is charged with moneys he never received, etc.   He did not appear at the trial, and evidence taken before the referee is not properly before us.   It was not properly part

of his report, and no case has been made and settled so as to make the evidence part of the record. We cannot, therefore, consider the objections to the accounting, as there is nothing properly in the record to show the errors complained of.

Judgment affirmed.