MICHAEL MATELSKI v. E. J. FARRELL AND OTHERS.[1]

June 6, 1924.

No. 23,991.

**Right of guarantor of mortgage who holds second mortgage as collateral to his guaranty.**

The plaintiff mortgaged parcel one to secure a loan. The mortgagee insisted upon a guaranty of payment of the mortgage by a land company which was concerned in the negotiation of the loan. To secure the land company upon its guaranty the plaintiff gave the land company's secretary a mortgage upon parcel two, which he purchased with the proceeds of the mortgage on parcel one, giving a purchase money mortgage for the portion of the purchase price remaining unpaid. The purchase money mortgage was foreclosed. The plaintiff did not redeem. The land company's secretary redeemed by virtue of his mortgage as a creditor having a lien. It is *held* that in equity he holds the legal title in fee to parcel two as security for the contingent liability of the land company as guarantor of the payment of the plaintiff's mortgage of parcel one.

[1]Reported in 199 N. W. 227.

Action in the district court for Itasca county to cancel a mortgage and for other relief. The case was tried before McClenahan, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for amended conclusions and order for judgment, or for a new trial, defendants E. J. Farrell and B. L. Liberman appealed. Affirmed.

*Alfred L. Thwing*, for appellants.

*A. M. Peterson* and *C. C. McCarthy*, for respondent.

DIBELL, J.

The court made findings of fact and conclusions of law favorable to the plaintiff. The defendants Farrell and Lieberman appeal from the order denying their motion for a new trial. The evidence is not returned. The only question is whether the findings justify the conclusions.

The plaintiff was the owner of a tract of land in Itasca county designated for convenience parcel one. He negotiated through the Reishus-Remer Land Company for a loan of $700. A loan was secured from one Ludwig and the plaintiff gave him a five-year mortgage dated May 12, 1919. He gave another mortgage for $70 to Purdy, the agent of Ludwig, for his commission. Ludwig and Purdy insisted upon a guaranty by the land company of the payment of their mortgages. To secure the land company on its guaranty the plaintiff executed to the defendant Farrell, its secretary, a mortgage for $700 on a tract of land designated parcel two. A mortgage for such purpose is valid. Madigan v. Mead. 31 Minn. 94, 16 N. W. 539. The plaintiff purchased parcel two with the proceeds of the mortgage on parcel one, paying a part in cash and giving a purchase money mortgage for $800 to secure the balance. The purchase money mortgage was foreclosed and a sale had on April 7, 1920. The plaintiff did not redeem within the year allowed him. Farrell redeemed by virtue of his mortgage, as a creditor having a lien, on April 22, 1921.

The land at the time of the redemption was worth $2,000. It cost $1,011.03 to redeem, that is, that was the amount due on the foreclosure certificate with costs of redemption. To make

redemption Farrell borrowed $1,000 of the defendant First National Bank of Coleraine and gave a mortgage on the land. The $11.03 he paid. On August 12, 1921, he conveyed to the defendant Lieberman, who knew the facts. He is in no better position than his grantor.

Farrell's redemption operated as an assignment of the right acquired by the purchaser at the foreclosure sale. G. S. 1913, § 8150. He acquired the legal title. The trial court was of the view that he held it, just as he held the mortgage, as security for the contingent liability upon the mortgage on parcel one.

The situation presented is unusual. No case is cited at all like it in its facts. It is suggested that the plaintiff lost his title to parcel two when he failed to redeem; that he had no interest in the property afterwards; and that Farrell by his redemption took title discharged of all claim on the part of the plaintiff. But the defendants really do not go so far. They concede, we take it, that in equity the difference between the value of parcel two at the time of the redemption and what Farrell paid in redemption, found by the court to be in excess of the face of the Ludwig and Purdy mortgages, ought in some way and at some time to go in reduction or payment of the Ludwig and Purdy mortgages on parcel one, or to the land company if it should be required to pay under its guaranty, or to the plaintiff if he should pay them. They do claim, however, that Farrell holds and may keep the legal title, and that in no way can the plaintiff have it.

We view the facts as the trial court did. Farrell's mortgage was security against a contingent liability. It represented no money paid. He redeemed to protect the mortgage. In equity he holds the title which he got by foreclosure to secure him against this contingent liability but not as a beneficial owner. The $1,000 mortgage which he made to the defendant bank was protected by the trial court. It was given the position of the foreclosed purchase money mortgage. Equity allows him to hold the title to protect the guaranty of the plaintiff's mortgage on parcel one, to hold it as security, but not to hold it for himself in fee.

The defendants complain that Farrell was given a personal judgment for $73.83 against the plaintiff and that the property was not charged with a lien for it. This amount represents the sum of $50 found by the court to be a reasonable attorney's fee for making the redemption, $12.80 taxes subsequently paid, and a cash payment of $11.03 made by Farrell when he made the redemption. The defendants may be right. The record does not call for relief here. If worth the while, it may be asked upon the going down of the remittitur.

Order affirmed.