FOREST LAKE STATE BANK v. P. S. EKSTRAND and Others.[1]

November 18, 1910.

Nos. 16,780—(107).

**Reformation of deed intended as security for debt — ignorance of statute.**
    Equitable action for the reformation of an instrument in the form of an absolute deed, and its foreclosure as a mortgage. The deed was executed by

[1] Reported in 128 N. W. 455.

the defendant E. to the plaintiff, who executed to him a separate contract to reconvey. The parties by the deed and the contract mutually intended to secure the payment of a debt due from E. to the plaintiff, and thereby make the deed defeasible. They were then mutually ignorant of the existence of the statute (Laws 1907, c. 328, § 1) providing that no instrument relating to real estate shall be valid as security for any debt unless so expressed therein, with the amount of the debt. Solely by reason of such mutual ignorance or mistake, the fact that the deed was intended as security for the debt was omitted therefrom, and they failed to give effect to their intention. *Held,* that equity will afford relief by reforming the deed so as to express the intention of the parties, upon payment of the mortgage tax.

Action in the district court for Washington county against P. K. Ekstrand, P. D. Scannell and Albert P. Hendrickson to have a certain deed decreed to be a mortgage and foreclosed. The facts found are stated in the opinion. From the judgment entered pursuant to the order for judgment in favor of plaintiff, Stolberg, J., defendants appealed. Affirmed.

*W. R. Duxbury* and *P. D. Scannell,* for appellants.
*Frank T. Wilson,* for respondent.

START, C. J.

This is an equitable action, originating in the district court for the county of Washington, to have an instrument in form of an absolute deed decreed to be a mortgage and foreclosed. This appeal is from the judgment granting the relief prayed for, entered upon the findings of fact and conclusions of law of the trial judge. The here material facts found are these:

On April 24, 1908, the defendant Ekstrand was indebted to the plaintiff in the sum of $1,516, which was evidenced by his promissory note, whereby he promised to pay the sum named, with interest, to the plaintiff, or order. It was agreed that the defendant Ekstrand should convey to the plaintiff the land described in the complaint, which was of the value of $3,000, to secure the payment of the note. He conveyed the land to the plaintiff by warranty deed, which was duly recorded. As a part of the same transaction the plaintiff executed to Ekstrand a contract to convey the land to him,

upon being paid the note and interest. No part of the indebtedness evidenced by the note has been paid.

The deed and contract were intended and supposed by the parties thereto to be security for the payment of the note, but through the ignorance of each party to the deed the fact that it was executed as security for the payment of the note was omitted therefrom. Neither of the parties thereto at that time had in fact any knowledge of the existence of the mortgage tax law (Laws 1907, p. 448, c. 328 [R. L. Supp. 1909, §§ 1038—25 to 1038—33]), and no tax on the indebtedness to be secured by the deed and contract was paid. After the making of the deed, and the record thereof, the defendant Ekstrand, in consideration of $300, executed a quitclaim deed of the land to the defendants Scannell and Hendrickson, who then had full notice of the existence of the warranty deed and contract, and that the parties thereto intended that the deed and contract should operate as a mortgage to secure the payment of the promissory note.

As conclusions of law the trial court ordered judgment to be entered reforming the deed, so as to express the intention of the parties thereto, by including the defeasance therein, and for its foreclosure as reformed, and that a certified copy of the judgment be recorded in the office of the register of deeds, and that the tax due upon the mortgage indebtedness be paid. Judgment was entered as ordered.

The only question presented for our decision is whether the mortgage tax law is a bar to the equitable relief granted, for it is here conceded by the appellants that, except for the mortgage tax law, the plaintiff would have been entitled to foreclose this transaction as a mortgage. The case is not complicated by any equities of bona fide purchasers, for the defendants Scannell and Hendrickson purchased with full notice, and stand in the shoes of Ekstrand. The case is to be determined precisely as if the quitclaim deed had never been made, and the action was one between the parties to the warranty deed. Nor is the case embarassed by any claim that the parties to the original transaction omitted the defeasance from the deed for the purpose of evading the mortgage tax. It is obvious that the warranty deed and contract failed to express the intention of the

parties thereto by reason of the provisions of the statute following:
"* * * An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof, shall be deemed, for the purposes of this act, a mortgage of said land for the unpaid balance of the purchase price. No instrument relating to real estate shall be valid as security for any debt, unless the fact that it is so intended and the amount of such debt are expressed therein. * * *

"No such mortgage, no papers relating to its foreclosure, nor any assignment or satisfaction thereof shall be recorded or registered after April 30, 1907, unless said tax shall have been paid; nor shall any such document, or any record thereof, be received in evidence in any court, or have any validity as notice or otherwise."

Laws 1907, c. 328, pp. 448, 451, §§ 1, 7 (R. L. Supp. 1909, §§ 1038—25, 1038—31).

The contention of the appellants is to the effect that there was no finding that the parties to the warranty deed intended to include therein the defeasance, or that it was omitted therefrom by mutual mistake; but the finding is simply that they both were ignorant of the statute, hence the case falls within the general rule that a court of equity cannot afford relief from a mistake of law. The findings of fact in their last analysis are to the effect that the parties to the deed and the contract intended thereby to make the deed defeasible and the transaction a mortgage, but by reason of their mutual ignorance or mistake as to the existence of the mortgage tax statute they failed to give effect to their mutual intention.

We have, then, the question whether a court of equity under such circumstances can relieve either or both of the parties by reforming the deed so as to give effect to the intention of the parties. In considering this question we must keep in mind that the statute does not make the deed void, but it is invalid as security for the debt. Such being the case, if the defendants' contention be correct, it is difficult to see what interest the defendants Scannell and Hendrickson have in the litigation; for if the deed cannot be reformed, so as to give effect to the intention of the parties, it would seem that the deed must operate as an absolute conveyance of the land. If this were an

action by Ekstrand against the plaintiff to have the deed decreed to be a mortgage and to be permitted to redeem the land, would it be seriously contended that a court of equity was powerless to afford Ekstrand any relief? If, however the contention of the defendants be correct, a court of equity would be incapable of doing justice in the case. Such ought not to be the law; but the case cannot be decided simply in accordance with our own views of natural justice, but with reference to established rules and principles. The fact, however, that there may not be a precise precedent governing the case, is no reason for denying the relief, if it can be done consistently with general rules and principles governing courts of equity.

The rule is that, in the absence of fraud or surprise, a bare mistake of law is not a ground for relief in equity. The rule, however, is not absolute; for equity will relieve from a mistake of law where it appears that the defendant by availing himself of the mistake will secure without consideration an unjust advantage of the plaintiff, who is blameless in the premises, or where it appears, as in this case, that by reason of mutual ignorance or mistake as to the existence of a statute the parties failed by their deed or contract to give effect to their mutual intention. Benson v. Markoe, 37 Minn. 30, 33 N. W. 38, 5 Am. St. 816; Gerdine v. Menage, 41 Minn. 417, 43 N. W. 91; Rogers v. Castle, 51 Minn. 428, 53 N. W. 651; Houston v. Northern Pacific Ry. Co., 109 Minn. 273, 284, 123 N. W. 922.

We are of the opinion that the facts found by the trial court in this case bring it clearly within the recognized exceptions to the general rule that a mistake of law is not a ground for relief in equity, and that the conclusions of law and judgment herein are supported by the facts found.

Judgment affirmed.