## P. D. SCANNELL and Another v. ALBERT P. HENDRICK-SON.[1]

July 19, 1912.

Nos. 17,656—(207).

**New trial — finding — conflict in testimony.**

A finding of the trial court that attorneys were to receive a reasonable compensation, and such value was $250, will not be disturbed upon appeal, because there may be some conflict in the testimony. [Reporter.]

Respondents filed a claim for $250 in the probate court for Ramsey county for services rendered as attorneys. The probate court allowed the claim in the sum of $50. Respondents appealed to the district court for that county, where the case was tried before Dickson, J., who made findings and conclusions of law as set forth in the opinion. From an order denying Albert P. Hendrickson, Jr.'s, motion for a new trial, he appealed. Affirmed.

*Halbert & Halbert,* for appellant.
*W. R. Duxbury* and *P. D. Scannell,* pro se.

[1] Reported in 137 N. W. 1.
119 M.—34.

PER CURIAM.

P. D. Scannell and W. R. Duxbury filed a claim for attorneys' fees and disbursements in the probate court of Ramsey county against the estate of Albert P. Hendrickson. The probate court allowed the claimants $50. They appealed to the district court, and for complaint therein alleged that the estate was indebted to them for a balance due upon an account for professional services rendered between April 1, 1909, and December 1, 1910, in an action pending in the district court of Washington county, Minnesota, entitled "Forest Lake State Bank v. P. S. Ekstrand, P. A. Scannell, and Albert P. Hendrickson," which action was appealed to the Supreme Court, and for services rendered therein (Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455), to the sum of $250 and expenses incurred on behalf of the decedent in the sum of $35.25. The answer was a general denial. The trial without a jury resulted in findings to the effect that Albert P. Hendrickson, during his lifetime, employed P. D. Scannell and W. R. Duxbury as attorneys to defend in the above-mentioned action; that they so did; that afterwards said Albert P. Hendrickson died, and his estate was administered in probate court; that said attorneys duly filed their claim for said services therein, which was allowed at $50; that said Albert P. Hendrickson agreed to pay the reasonable value of the attorneys' services; that such value was $250; and that expenses incurred by them in the case were $35.25. The conclusion of law was that the appellants in the district court were entitled to judgment against the respondent therein, as administrator of the estate of Albert P. Hendrickson, in the sum of $285.25, together with costs and disbursements. From an order denying a new trial, the administrator appeals to this court, and assigns as errors that the findings of fact are not supported by the evidence.

As we understand counsel for appellant, respondent in the district court, the fact that respondents herein carried on the litigation mentioned as the ostensible attorneys for P. A. Scannell and Albert P. Hendrickson is not controverted. No testimony was offered to show that the services rendered or disbursements incurred were of less value than the amount the court found. But the administrator contends that P. D. Scannell, one of the attorneys, went with Albert P. Hendrickson, deceased, into the venture which resulted in the litigation, upon the agreement and understanding that Scannell should do all the legal work necessary without cost to Hendrickson, that P. D. Scannell was the real party in interest, and that P. A. Scannell was a nonentity, or a name adopted by P. D. Scannell for his own purpose in the transaction, and the lawsuit resulting therefrom with Ekstrand. While the cross-examination of P. D. Scannell lends strong color to this contention, it is not to be overlooked that Albert P. Hendrickson, in his lifetime, was called as a witness in said bank lawsuit, and testified that his partner in the Ekstrand purchase was not P. D. Scannell, the attorney, but his god-daughter, Patricia A. Scannell. Mr. Duxbury, one of the respondents, testified that Mr. Hendrickson, Ekstrand, and P. D. Scannell employed him

to assist P. D. Scannell in trying the case, and that he so did in both courts; that Hendrickson, when defendants lost in the district court, instructed Duxbury to appeal. Hendrickson died before the appeal was submitted, but Duxbury claims he did not know of the death till some time after he argued the cause in this court.

The only evidence negativing the presumption that the attorneys were to receive reasonable compensation for their services, regardless of the outcome, is some casual remark made by Hendrickson, while living, to one Bohrer, with reference to the bank litigation, that if Scannell "wins he gets half, and if he don't I am nothing out," and a statement to his son, the administrator, "that Mr. Scannell was going to have half of the thing for the legal end of it." No special contract of employment was pleaded in the answer, and, even if so, the evidence supports the finding that the deceased employed the respondents on the implied promise to pay the reasonable value for the services rendered. For this court to disturb such finding, because there may be some conflict in the testimony, would be an unauthorized usurpation of the functions of the trial court.

Order affirmed.