## WILLIAM H. MASON v. OLIVE R. FICHNER and Another.[1]

January 3, 1913.

Nos. 17,814—(83).

**Mortgage — estoppel to deny.**
Where the plaintiff conveyed land to one of the defendants by absolute

[1] Reported in 139 N. W. 485.

---

Note.—As to whether a deed absolute on its face, but intended as a mortgage, conveys a legal title, see note in 11 L.R.A. (N.S.) 209.

deed, which was recorded, and on the same day took back an executory contract of sale from the grantee, which contained provisions for the construction of a house on the premises by such defendant, and also authorized her to mortgage the property for a certain amount, which contract, however, was not recorded, a mortgage so executed upon the premises in favor of the other defendant, and which was in entire accord with the terms of the authorization contained in the contract of sale, and which was virtually ratified by the plaintiff, before the money secured thereby was paid over to the mortgagor, by his withdrawal of objections theretofore made to the mortgagee, was not subject to equities asserted by the plaintiff against the grantee in the deed.

**Equitable action.**

An action to determine adverse claims may be either legal or equitable, according to the facts and the relief sought; and hence, where the plaintiff sought to have a deed and contract of sale declared to constitute a mortgage, and to have the same adjudged inoperative because of violation of the mortgage tax law, the action was of equitable cognizance, and as such was subject in its determination to the rules that equity will not enforce a forfeiture or grant relief to one who has neither done equity in the premises nor indicated his willingness to do it.

**Deed as mortgage — evidence.**

The plaintiff, in an action to determine adverse claims, *held* entitled to show that a warranty deed executed by him to the defendant, and an executory contract of sale back to him, of even date therewith, constituted a mortgage.

Action in the district court for Ramsey county to determine adverse claims to a certain city lot. The substance of the pleadings is given in the opinion. The case was tried before Dickson, J., who made findings and conclusions of law as set out on page 189, infra. Plaintiff's motion for judgment notwithstanding the verdict or for a new trial was denied. From the order denying his motion for a new trial, plaintiff appealed.

Affirmed as to the Northwestern Trust Company and as to the Minnesota Investment Company.

Reversed as to Olive R. Fichner, and a new trial granted upon the sole issue as to whether the deed and contract in question constitute a mortgage as between the parties thereto.

*William H. Mason* and *Harris Richardson,* for appellant.

*Arthur Christofferson* and *J. A. A. Burnquist,* for respondent Fichner.

*John D. O'Brien, Dillon J. O'Brien* and *Ira C. Oehler,* for respondent Northwestern Trust Company.

PHILIP E. BROWN, J.

The plaintiff, being in possession of the real property in controversy, brought this action, under R. L. 1905, § 4424, to determine adverse claims. The complaint was in the usual form. It alleged that the plaintiff was in possession of the property, that the defendants claimed title thereto, liens thereon and interests therein, and demanded judgment adjudging his ownership of the property, and that the defendants had no title thereto, liens thereon, or interest therein.

The defendant Fichner answered separately, admitting that the plaintiff resided on the premises, but alleging that such possession was pursuant to the terms of a written agreement executed by the plaintiff and this defendant, a copy of which was attached to and made a part of the answer. This defendant further alleged: "That she is the owner in fee simple of the real estate described" in the complaint, subject to a mortgage for $3,000, of date September 29, 1910, executed by the defendant Fichner and her husband to the defendant trust company. She denied all other claims.

The defendant trust company also answered separately, alleging, among other things, that on September 29, 1910, the defendant Fichner borrowed from this defendant $3,000, and to secure the same executed to it a mortgage as a first lien on the property herein involved, and demanded judgment so adjudging.

For reply to the defendant Fichner's answer the plaintiff interposed general and specific denials, and affirmatively alleged that his possession of the property in controversy was under the terms of a warranty deed from Louise Caldwell, executed to him July 31, 1909, and also expressly denied that Fichner was or ever had been the owner of the premises, and demanded judgment as in the complaint stated. For reply to the answer to the trust company, the plaintiff admitted the execution of the Fichner mortgage to the

trust company, but alleged that when it was executed such company knew that Fichner did not own the property, and also that the plaintiff was the owner and in possession thereof, and prayed judgment as demanded in the complaint.

The action was tried by the court without a jury. On the trial it appeared that the plaintiff was in possession of the premises at, the time of the bringing of the action, and had been in possession thereof at all times herein mentioned, and, further, to sustain the allegations of his complaint, the plaintiff introduced in evidence a deed, dated July 31, 1909, from Louise Caldwell, who was admittedly the then owner of the property herein involved, and the common source of title of all the parties to the action, which deed was recorded February 1, 1910. The plaintiff then rested. The defendant. Fichner, to sustain the issues on her part, introduced in evidence the record of a deed from the plaintiff and his wife to her, conveying the same premises, and of date May 19, 1910, recorded May 23, 1910, and rested. On behalf of the defendant trust company, a. mortgage dated September 29, 1910, executed by the defendant Fichner and husband to it, covering the premises in controversy, was introduced in evidence, being the same mortgage described in the answer of each of the defendants, and also established that the mortgage remained unpaid, and then rested. Thereupon the plaintiff sought to prove that no portion of the cash consideration recited in the deed from him to the defendant Fichner was ever paid to him by Fichner or by any one in her behalf, and that nothing had ever been paid on account of such consideration or the transaction involved in such deed and also that the contract referred to in defendant Fichner's answer was executed contemporaneously with the deed to Fichner and as a part of the same transaction, and followed this with an offer of evidence tending to show that the deed and contract in question in fact constituted a mortgage, and that no tax had been paid thereon as required by law. Each and all of these offers were excluded as irrelevant and immaterial, to which the plaintiff duly excepted. The contract, however, between the plaintiff and Fichner, was admitted upon the plaintiff's proffer thereof. It bore date

May 19, 1910, and on its face was an executory contract for the sale of land.

The court made findings of fact, in substance as follows: (1) That the allegations of the complaint and the reply, as to the plaintiff's title and right of possession of the property, were untrue; (2) that the allegations of Olive R. Fichner's answer, and the allegations of the trust company's answer as to its mortgage, were true; and, furthermore, as conclusions of law: (1) That the plaintiff was not the owner of the property, and was entitled to no relief; (2) that the defendant Olive was the owner in fee of the property, subject to the mortgage of the trust company and to the contract mentioned; and (3) that the trust company's mortgage was a valid and subsisting first lien upon the property in controversy. Subsequently the plaintiff moved for amended findings. On February 10, 1910, this motion was denied. Thereafter plaintiff moved for judgment in the alternative or for a new trial upon a settled case. This motion was denied, and the plaintiff appealed from the order.

1. Before entering upon the discussion of the case as between the plaintiff and the defendant Fichner, we will consider the status of the trust company with reference to the property here involved. The plaintiff claims that the trust company stands in the shoes of the Fichners, and that its mortgage is inoperative, because given by one who was herself only a mortgagee, and who, therefore, had no title or interest which she could convey or incumber. In short, the plaintiff claims that the trust company's sole claim against the property, if any it has at all, is as assignee of the mortgagee, Olive Fichner. These contentions cannot be sustained, for we consider the position of the trust company to be entirely independent of and free from any equities that may exist between the plaintiff and the Fichners.

The facts are that the plaintiff executed to Olive Fichner a warranty deed in the usual form, which was duly recorded, and thus the indicia of title to the land were placed in her. On the same day the defendant Olive and her husband and the plaintiff and his wife entered into a contract in writing wherein the Fichners contracted to sell the same land to the Masons, and also to have constructed a

house thereon in accordance with certain plans and specifications, and it was agreed that the Masons would assume any mortgage, up to $3,200, to run from three to five years, which the Fichners might see fit to place upon the premises, which contract was not recorded. Thereafter the Fichners borrowed from the trust company the sum of $3,000, and secured the same by a mortgage on the land in question, which conformed in all respects to the conditions specified in the contract between the Fichners and the Masons. Before the money so borrowed was paid to the Fichners, however, Mason notified the trust company by letter that the contract had not been performed by the Fichners according to its terms, claimed certain rights and interests in the premises, and suggested that the company should take such steps as might be necessary to protect itself. The loan was, therefore, held in abeyance by the trust company, and the money was not paid over to the Fichners until some two weeks later, and not until after the Masons wrote the trust company in effect that they withdrew all objections to the placing of the loan. A house purporting to conform to the contract was erected on the premises, and the Masons moved into and occupied the same.

It is on this state of facts that the plaintiff, in his original brief, asserts the right to avoid the trust company's mortgage in toto, which claim is somewhat modified in his reply brief, wherein he asserts the right to subordinate the mortgage to certain equities between himself and the Fichners, growing out of their alleged failure fully to perform their contract with relation to the construction of the house, and incidentally to litigate in this action his claim to such equities. That such contentions cannot be upheld is, we think, too clear for extended argument.

The plaintiff, by his deed, placed the indicia of title in the Fichners; the contract, asserted by the plaintiff as a defeasance, expressly authorized the Fichners to place a mortgage on the property; the mortgage was so placed; and the Masons expressly ratified the transaction by their withdrawal of objections previously made thereto. It would be a reproach to any system of jurisprudence to declare, under these circumstances, that the plaintiff's alleged equities are superior to the rights of the trust company.

2. We will now consider the case as between the plaintiff and the defendant Olive R. Fichner, and we think it clearly appears that the case came up for trial in the court below upon pleadings and evidence wherein the issues properly determinable between the parties were obscured by the plaintiff's insistent claims to rights, apparently ingeniously made, but so grossly inequitable, when taken all together, as to shock the conscience. It comes here in the same manner and upon an involved record. The way will, therefore, be cleared to a view of the questions properly involved, by a preliminary consideration of the character of the action, and also the issues made by the pleadings, concerning which the parties seem to disagree; and light will be thrown upon both of these questions by reference to the facts which the plaintiff insisted upon the right to prove on the trial, and the claims he made upon the proofs received and also those offered and excluded.

But before taking up these questions, and at a sacrifice of the logical order, we will step aside to say that, conceding that the plaintiff was actuated, as claimed by him, by worthy motives in bringing this action, such motives are wholly immaterial, which, we think, must be apparent when we consider them from the viewpoint of admissibility of evidence, if such had been offered on the trial, to establish them. Such evidence would certainly not have been admissible. A motive cannot of itself constitute a cause of action, nor can a good motive aid one; and though it is, of course, highly desirable that litigants should not be actuated by evil motives, a right cannot be defeated merely because an unworthy motive moves its possessor to its enforcement.

And likewise, in passing, we will say that the plaintiff's claim that he should be allowed to maintain this action in order to fix the status of the parties, in view of further litigation contemplated by him against some of the defendants, and his complaint that the defendant Fichner's answer was insufficient in its allegations to enable him, the plaintiff, to try out in this action certain questions which he deems to require litigation in order that he may obtain his legal rights, and that he is seeking a remedy for a breach of the contract between him and the Fichners—these, as well as other questions of a

purely collateral nature urged by the plaintiff, are not, to borrow a phrase from his brief, "worthy of sober consideration." We will say, however, that the plaintiff's contention that the defendant Fichner's answer was insufficient, because it failed to set up her title in greater detail than was done, cannot be sustained. While it is undoubtedly true that the rules of pleading required her to set out her claims to the property, she was not required to plead the evidence upon which her title and claims rested.

Returning, now, to the character of the action before us: Was it of legal or of equitable cognizance? Under our decisions, actions to determine adverse claims may be either, according to the facts. 2 Dunnell, Minn. Dig. § 8040. But there can be no fair doubt as to which class the instant case belongs, when we consider the plaintiff's claims, and the relief that would have to be granted, if the same were well founded.

Stripped of all veneer, the plaintiff's position is that his deed to Mrs. Fichner and the contract of even date therewith, when taken together, constituted, by operation of law, a mortgage—or, in any event, that it was open to extrinsic proof that it was such—which, by reason of Laws 1907, p. 448, c. 328, §§ 1, 7 [R. L. Supp. 1909, §§ 1038—25, 1038—31], was inoperative to establish either a title to or lien upon the property, because of its failure to show on its face that it was a mortgage, and because of the grantee's failure to pay the mortgage tax. Now, if the claim that the deed and contract together constitute a mortgage, and as such are invalid, is to be sustained, the remedy to fully restore the plaintiff to his interest in the property, and to remove the cloud thereon created by these instruments, would be cancelation, a purely equitable remedy, which has never been within the jurisdiction of courts of law. Pomeroy, Eq. Jur. (3d ed.) §§ 171, 188. The action, therefore, is purely equitable, upon the plaintiff's own theory; and, such being the case, when did equity ever enforce a forfeiture? See Pomeroy, Eq. Jurisdiction (3d ed.) §§ 459, 460; Bispham, Eq. § 181. Aside from the question as to whose duty it was to pay the tax, which we do not here decide, the plaintiff practically seeks to have his debt to Fichner discharged, or at least to deprive her of all security, because she failed

to pay the tax. In other words, he seeks to enforce a forfeiture against her because of her violation of the revenue law, and that equity will not affirmatively aid him in such attempt would seem too clear for further discussion. The plaintiff's claim, furthermore, lacks another essential to the right to equitable relief, in that, so far as disclosed by this record, he makes no claim that he has done equity by the defendant Fichner, or of his willingness to do equity; his insistence contravening any intention as to the latter.

It is suggested that a fair construction of the mortgage tax law would not bring the instant case within its provisions. However this may be, we are averse to resting our decisions against the plaintiff's contention upon grounds of statutory construction, which are necessarily narrow, frequently requiring the ascertainment of legislative intent by deductions from meager data. We place our decision squarely upon the broad foundation that the plaintiff's efforts to escape his obligations and to enrich himself by despoiling the defendant Fichner, because of the claim that she has violated a revenue measure, is wholly without equity.

3. It does not follow, however, that the plaintiff is not entitled to some relief in this action. If, by operation of law, the deed and mortgage, when taken together, of themselves constitute a mortgage, then the court erred in finding that the plaintiff was not the owner of the property and was entitled to no relief, and also erred in finding that the defendant Olive R. Fichner was the owner of the property in fee simple, subject to the contract of sale between her and the Masons. If, on the other hand, such instruments do not as a matter of law constitute a mortgage by virtue of their terms and contemporaneous date, then the court was equally in error in sustaining objections to the extrinsic evidence offered by the plaintiff tending to establish such fact. It is elementary that the form of an instrument cannot preclude a party from showing that it is in fact a mortgage, and that extrinsic evidence, including parol testimony, is admissible for this purpose, when within the issues made by the pleadings, is equally well settled; and we think that the pleadings in this action were sufficient to admit such evidence, though insufficient to permit the plaintiff, against the objection of the defendant, to liti-

120 M.—13.

gate his claim for damages growing out of the alleged failure of the defendant Fichner to construct the house on the premises in conformity with the agreed plans and specifications.

We cannot now hold, as claimed by the plaintiff, that the deed and contract, when taken together, but without the aid of extrinsic evidence, constitute a mortgage. It is doubtful if this question was considered at all by the trial court, whose attention might well have been diverted therefrom by the plaintiff's persistent insistence upon his claims under the mortgage tax law, and it was discussed in this court by only one party to the appeal. We think that it should be squarely passed upon by the court below in the first instance.

Nor will we discuss the effect of the mortgage tax law, except to say that under the doctrine of Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455, if it should ultimately be found that the deed and contract here involved constitute a mortgage, that it was the defendant Fichner's duty to pay the tax, and that she did not pay it, but that the form of the deed and the failure to pay the tax were not due to any attempt to evade this law, then such mortgage could not be held void on account of the matters now urged against it.

The Minnesota Investment Company was practically eliminated from the case below, and we think that it is manifest, as found by the trial court, that it has no interest in or claim upon the property herein involved or in this litigation.

Order affirmed as to the defendant the Northwestern Trust Company and as to the Minnesota Investment Company.

Order reversed as to the defendant Olive R. Fichner, and a new trial granted upon the sole issue as to whether the deed and contract in question constitute a mortgage as between the parties thereto.

No statutory costs will be allowed to the appellant on this appeal.