# ALLEN N. STAPLES and Another v. EAST ST. PAUL STATE BANK.[1]

July 11, 1913.

Nos. 18,211—(205).

**Assignments of error not discussed.**

1. Errors assigned but not discussed in the brief will not be considered.

**Homestead — security for future advances.**

2. A wife who joins her husband in deeding the homestead, owned by the husband, as security for a loan then made and for future advances to him, binds her homestead right for such advances when made.

**Reformation of mortgage — case followed.**

3. When parties, through mutual mistake or ignorance, have failed to insert in a deed, given to secure a debt, the fact that it is so intended or the amount of the debt, or both, and there is no intent or purpose to evade the mortgage tax, the instrument may be reformed so as to conform to the provision of chapter 328, Laws 1907, following Forest Lake State Bank v. Ekstrand, 112 Minn. 412.

**Construction of statute.**

4. The said chapter, being solely intended as a revenue measure, should not be construed as a restriction upon the right to contract with reference to real estate as security, provided the instrument granting the security contains the information required by the law, so that the tax is assured to the state upon the amount of the debt secured and upon all future advances, if any, to be made under the instrument.

Action in the district court for Ramsey county to determine adverse claims to real estate occupied by plaintiffs as their homestead. The facts are stated in the opinion. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment that defendant was entitled to have its deed reformed to express the fact it was intended to be a mortgage to secure the sum of $2,190 and for foreclosure of the same by sale of the premises. From the judgment en-

[1] Reported in 142 N. W. 721.

tered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*A. E. Boyesen* and *H. H. Flor,* for appellants.

*Denegre & McDermott,* for respondent.

HOLT, J.

Action to determine adverse claims. The judgment was for defendant and plaintiffs appeal.

The facts are substantially these: Plaintiffs are husband and wife. The husband and his brother had been doing business for some time previous to September 18, 1908, under the name of Staples & Staples, and during said time did the banking with defendant and borrowed from it the moneys needed in the business. On the date mentioned, plaintiffs executed and delivered to defendant a deed of their homestead, the title of which was in the husband, to secure a loan of $1,000, then made to the husband for use in his business. At the same time, the defendant gave to plaintiffs a written defeasance, acknowledging and declaring "that the said conveyance was given and intended as collateral security for the payment of any indebtedness, liability or liabilities of the said Allen N. Staples to itself, the said East St. Paul State Bank, due or to become due, or which may hereafter be contracted or existing against the said Allen N. Staples." And therein the defendant also agreed to reconvey by quitclaim the premises named to said Allen N. Staples at any time upon his request "when all obligations have been fully paid and satisfied." The note then given by Staples to evidence said loan has been renewed several times, and is unpaid. Sometime thereafter, a further loan of $1,000 was made, and the note evidencing the same was signed by Staples & Staples and by Allen N. Staples. This note has also been renewed, and remains unpaid, as does a similar note in form for $190, subsequently given upon a further loan.

The defendant in its answer alleged the foregoing facts, and averred that the deed was intended as a mortgage to secure the sums mentioned, but that through ignorance and mutual mistake the deed failed to comply in its wording with the requirements of the mortgage registration tax law. It asked for reformation of the deed so as to

conform to the law, and for foreclosure for the full sum of $2,190 and interest, all of which was granted.

The errors assigned upon the reception and exclusion of testimony at the trial we are not required to consider, since no reference thereto is made in appellant's brief. Naeseth v. Hommedal, 109 Minn. 153, 123 N. W. 287; Peterson v. City of Red Wing, 101 Minn. 62, 111 N. W. 840; 1 Dunnell, Minn. Dig. § 366.

Unaffected by the law referred to, the defendant has unquestionably a valid lien upon the premises in controversy to the extent of the loan made when the deed was executed. And considering the terms of the defeasance above set out, we are also of the opinion that the trial court's finding, that the subsequent advances were secured by the deed and were so intended by the parties, is fully sustained by the record. In short, the deed and defeasance mentioned constituted, in effect, a mortgage to secure the original loan and the loans thereafter made to the extent found by the court. It is said that, if this be correct as to the plaintiff Allen N. Staples, who negotiated for and received the future advances, the wife was not present when these were made, and there is no evidence that she knew thereof, hence her rights in the homestead cannot be affected thereby. The wife executed the deed knowing its purpose, and the court was justified in finding that the defeasance mentioned was delivered to the plaintiffs. Knowledge must then be imputed to her that the deed was also to secure future loans which the defendant might make to her husband. Neither the circumstances surrounding the original transaction, nor the writings, contemplate that, as to the future advances, the wife should be consulted. She left the negotiations as to these, as well as the one made, to her husband. Esty v. Cummings, 75 Minn. 549, 78 N. W. 242.

We come then to the effect of the mortgage registration tax law upon this transaction, chapter 328, p. 448, Laws 1907. The here material provision reads: "No instrument relating to real estate shall be valid as security for any debt, unless the fact that it is so intended, and the amount of such debt are expressed therein." In the deed in question, it is not stated that it was intended for security, and instead of the amount of the debt, we find only a nominal con-

sideration of one dollar, "and other good and valuable consideration" expressed therein. After the commencement of this action, but before the trial, the mortgage registration tax was paid upon an amount of a $2,200 loan. The court found that the deed and defeasance was prepared by attorneys representing plaintiffs, "that through the mutual mistake and ignorance of the parties as to the existence and requirements of chapter 328, General Laws 1907 of Minnesota, said deed did not express the fact that it was intended to be a mortgage and neither said deed nor said contract of defeasance stated the amount of the debt secured, and said deed did not set forth the agreement of defendant to reconvey to plaintiff upon payment of said debt." This finding excludes the existence of any purpose or attempt to evade the tax.

In applying this law, it is well to bear in mind that its apparently stringent provisions were not intended to change the law of contracts, except in so far as it became necessary to prescribe terms to be incorporated which would furnish information upon which the proper tax from every transaction could be secured. As said in First State Bank of Boyd v. Hayden, 121 Minn. 45, 50, 140 N. W. 134: "The statute is purely a revenue measure, and we find nothing therein to indicate that it was the legislative intent to declare instruments void for noncompliance therewith." While care must be exercised by the courts that the provision of the statute here involved does not fail of its purpose by a lax application, still, we do not think it necessary to go the length of holding that where, because of mutual ignorance or mistake, and without any intention to evade the tax, the contract giving real estate as security for a debt, fails to comply with the statute, it may not be reformed so as to conform therewith. In the present case, under the findings, the parties attempted to make a valid contract, and with no intent to evade the law. The tax has been paid. We think the question presented has been already decided adversely to appellant in the case of Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455, and it is not here necessary to restate the principle applied or authorities supporting the rule adopted. In accord therewith are also Mason v. Fichner, 120 Minn. 185, 139 N. W. 485, and First State Bank of Boyd v. Hayden, supra. If it be

permissible to reform the instrument as to one of the two required statements therein, it may likewise be as to the other.

It is further urged that, in order to reform an instrument, the evidence must be clear and strong that the parties agreed upon the terms which, by the decree, are to be substituted or inserted, and therefore, while the court might hold that there was an agreement that the deed was given to secure a debt, and that the amount thereof was one thousand dollars, there is no warrant for finding any amount in excess thereof, since no agreement as to the amount of the future loans was made when the deed was executed. We do not believe the lgislature intended to prohibit mortgages for future advances or loans. Such transactions are of well recognized validity. Madigan v. Mead, 31 Minn. 94, 16 N. W. 539; Stitt v. Rat Portage Lumber Co. 96 Minn. 27, 104 N. W. 561. The state wants all the tax on money loaned upon real estate security, but it wants no more. And we may say that in the act referred to is discerned no attempt to hamper the right to give real estate as security in any form or under whatever agreement so long as there is no attempt or purpose to evade the tax, and the tax is eventually paid on the amount actually loaned. When, under a conveyance securing future optional advances, such advances are actually made, no great difficulty should be experienced in paying the proper tax thereon, and making such record thereof as would protect the validity of such advances.

The attorney who drew the papers was employed by the plaintiffs. He testified that the only direction as to the contents and purpose of the document, came from the plaintiff Allen N. Staples, and when these were prepared, his wife came with him to the attorney's office, executed the deed, and at that time, the defeasance was shown to plaintiffs. Under these circumstances, it would be highly inequitable if a forfeiture of the defendant's mortgage lien should be brought about through the procurement of plaintiffs, that is, by an unintentional mistake of their attorney or scrivener.

Judgment affirmed.