# MARIA ENGENMOEN v. JOHN LUTROE AND FIRST STATE BANK OF BALATON.[1]

November 17, 1922.

No. 23,081.

**Conveyance not in fraud of creditors.**

1. The evidence sustains the finding that the deed in controversy, although made to give defendant bank a preference over other creditors, was not fraudulent as to such other creditors.

**Amount of mortgage tax fixed by amount of debt secured by instrument.**

2. A deed given as security is a mortgage, and the mortgage registration tax must be paid in full before it can be legally recorded or be enforced by any affirmative proceeding, and the amount of such tax is determined by the amount of the principal debt secured by the deed and not by the consideration named in it.

**When mortgage with unpaid tax takes precedence of subsequently docketed judgment.**

3. A deed given as security is not a nullity although the mortgage registration tax is unpaid, and the rights of a subsequent judgment creditor of the grantor are subordinate to the rights of the grantee in the deed, unless such creditor proves that he had no notice of the deed at the time of the docketing of his judgment.

Action in the district court for Hennepin county to have a chattel mortgage and deed adjudged void as to plaintiff. The case was tried before Olsen, J., who at the close of the testimony granted plaintiff's motion to amend her complaint as stated at the end of the first paragraph of the opinion, made findings and ordered judgment in favor of defendant First State Bank of Balaton. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*H. Stanley Hanson* and *J. V. Williams*, for appellant.

*James H. Hall*, for respondent.

[1]Reported in 190 N. W. 894.

TAYLOR, C.

On April 2, 1921, defendant Lutroe was indebted to defendant bank in the sum of $10,361.50 evidenced by promissory notes, and on that day executed to the bank a warranty deed of his farm as security for the indebtedness. At the same time he executed to the bank a chattel mortgage on his personal property to secure $4,437.75 of the same indebtedness evidenced by a promissory note for that amount. The deed was recorded April 5, 1921. On April 27, 1921, plaintiff recovered a judgment against Lutroe for the sum of $1,054, and on June 7, 1921, an execution issued on this judgment was returned wholly unsatisfied. Thereafter plaintiff brought this suit to have the deed and chattel mortgage adjudged void as to her on the ground that they were given to delay and defraud creditors. At the close of the evidence, plaintiff was permitted to amend her complaint by alleging, among other things, that the deed, although absolute in form, was given as security for the indebtedness of Lutroe to the bank, and that no mortgage registration tax had been paid thereon prior to the commencement of the action, and to amend the prayer for relief by asking that her judgment be decreed to be a lien on the land prior and paramount to any right or lien of the bank under its deed. The court made findings of fact and conclusions of law and rendered judgment that plaintiff take nothing by this action. Plaintiff appealed.

The court found as a fact that the deed and chattel mortgage were given and taken in good faith for the purpose of securing the indebtedness of Lutroe to the bank and that the transaction was free from any fraudulent intent, but also found that the deed and chattel mortgage were executed for the purpose of giving the bank a preference over other creditors. Plaintiff concedes that it was lawful for Lutroe to give the bank a preference over other creditors, but contends, in effect, that giving a deed absolute in form which was placed on record with nothing on record to show that it was given as security only, is conclusive proof of an intention to delay and defraud other creditors.

It is settled in this state that a conveyance of property to secure an honest debt is not to be deemed fraudulent as a matter of law,

although made for the purpose of giving the creditor a preference over other creditors, and although it may in fact operate to hinder and delay such other creditors, and that the question of fraudulent intent is, under section 7015, G. S. 1913, a question of fact. Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222; Dyson v. St. Paul Nat. Bank, 74 Minn. 439, 77 N. W. 236, 73 Am. St. 358; Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433; Imperial Elev. Co. v. Bennett, 127 Minn. 256, 149 N. W. 372; National Citizens Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Petersdorf v. Malz, 136 Minn. 374, 162 N. W. 474. The finding complained of was justified by the evidence. It may not be amiss to note that the transactions here involved took place before chapter 415, p. 642, Laws of 1921, known as the Uniform Fraudulent Conveyance Act, went into effect.

The court also found "that the registry tax on said deed as a mortgage was paid on September 24, 1921, and not before."

Plaintiff contends that this finding is not sustained by the evidence. The consideration named in the deed was $9,000, and on September 24, 1921, the tax on that sum, amounting to $13.50, was paid. The statute provides:

"A tax of fifteen cents is hereby imposed upon each hundred dollars, or fraction thereof, of the principal debt or obligation which is, or in any contingency may be, secured by any mortgage of real property." G. S. 1913, § 2302.

It also provides that any instrument creating or evidencing a lien of any kind on real estate, given or taken as security for a debt, shall be deemed a mortgage within the meaning of the act. G. S. 1913, § 2301. It is admitted and found as a fact that the debt which the deed was given to secure amounted to the sum of $10,361.50. That there was other security for a portion of this debt made no change in the amount of the tax due on this security. Where real estate is conveyed by absolute deed as security for a debt, the amount for which it is held as security is not measured or limited by the consideration named in the deed in the absence of a stipulation to that effect, but by the amount of the debt or the value of

the real estate. The statute requires the tax to be paid on the amount of the principal debt which, "in any contingency," may be secured by the instrument. Payment of a part of the tax is not a compliance with this statute. Here only a part of the tax was paid, and the deed remained subject to the restrictions placed on mortgages on which the tax is unpaid.

The statute also provides that:

"No instrument relating to real estate shall be valid as security for any debt, unless the fact that it is so intended and the amount of such debt are expressed therein." G. S. 1913, § 2301.

This deed did not express the fact that it was intended as security. Plaintiff contends that the form of the deed and the failure to pay the full amount of the tax renders it of no effect as against her, and that she is entitled to have her judgment decreed to be a lien on the property prior and paramount to all rights under the deed.

The act is a revenue measure purely, and the only purpose of its prohibitive provisions is to compel the payment of the prescribed tax. A mortgage, whatever its form, is not rendered void by failure to comply with the requirements of the statute, but remains unenforceable, unrecordable, ineffective as notice and inadmissible as evidence until the tax is paid. Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455; Mason v. Fichner, 120 Minn. 185, 139 N. W. 485; First State Bank of Boyd v. Hayden, 131 Minn. 45, 140 N. W. 132; Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721; Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L. R. A. (N. S.) 465, Ann. Cas. 1915C, 774; Orr v. Sutton, 127 Minn. 37, 49, 148 N. W. 1066, Ann. Cas. 1916C, 527; Pioneer L. & L. Co. v. Cowden, 128 Minn. 307, 150 N. W. 903; Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345.

In Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455, it was held that the grantee in a deed of the usual form given as security could maintain an action against the grantor and subsequent purchasers under him with notice to reform the deed

and to foreclose it as reformed, the judgment providing for the payment of the tax.

In Mason v. Fichner, 120 Minn. 185, 139 N. W. 485, it was held that the grantor in a deed given as security on which the tax was unpaid could not maintain an action to cancel the deed as void, and the court said in the opinion that if "the form of the deed and the failure to pay the tax were not due to any attempt to evade this law, then such mortgage could not be held void on account of the matters now urged against it."

In Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721, the grantor in a deed given as security which did not disclose that fact and on which no tax had been paid, brought an action to determine adverse claims against the grantee, and it was held that the grantee, having paid the tax before the trial, was entitled to have the deed reformed and foreclosed under its answer in that action.

In First State Bank v. Hayden, 121 Minn. 45, 140 N. W. 132, it was held that under the act an executory contract of sale was to be deemed a mortgage for the unpaid purchase price; that a notice to terminate the contract for failure to make the stipulated payments given before the registration tax had been paid was of no effect; that a judgment against the purchaser became a lien on his interest in this land, but that the vendor held the legal title to the land as security for the unpaid purchase money.

In Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L. R. A. (N. S.) 465, Ann. Cas. 1915C, 774, it is pointed out that the statute does not state by whom the tax is to be paid, and does not impose a duty to pay it on anyone, but seeks to compel payment by requiring payment to be made before anyone shall be permitted to bring or maintain a proceeding for enforcing the security.

We think it must be taken as settled that where an absolute deed is given as security, the contractual rights created thereby are not divested or rendered nugatory by a failure to comply with the provisions of the act imposing the mortgage registration tax, although such rights remain in abeyance or a state of dormancy and no affirmative proceeding to enforce them can be maintained

until the purpose of the statute has been accomplished. In the above cases it was decided, in effect, that such a deed is not a nullity and that it vests rights in the grantee to which those of the grantor are subordinate. Also that subsequent purchasers from the grantor with notice stand in no better position than the grantor.

In the present case as the deed was in fact a mortgage, it was not entitled to be recorded, and must stand as if unrecorded. But the rights of a subsequent purchaser with notice would be subordinate to the rights of plaintiff under the deed. And, where a subsequent purchaser claims to have purchased without notice of an unrecorded instrument, the burden is on him to prove that fact. Roussain v. Patten, 46 Minn. 308, 48 N. W. 1122; Fritz v. Ramspott, 76 Minn. 489, 79 N. W. 520; Fifield v. Norton, 79 Minn. 264, 82 N. W. 581; Lloyd v. Simons, 90 Minn. 237, 95 N. W. 903; Errett v. Wheeler, 109 Minn. 157, 123 N. W. 414, 26 L. R. A. (N. S.) 816; Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032. The position of one who claims a lien under a judgment against the grantor in an unrecorded conveyance is no better than that of a subsequent purchaser from such grantor. Lamberton v. Merchant's Nat. Bank of Winona, 24 Minn. 281; Wilcox v. Leominster Nat. Bank, 43 Minn. 541, 45 N. W. 1136, 19 Am. St. 259. And, where he claims that his judgment takes precedence over an unrecorded instrument, the burden is on him to prove that he had no notice of such instrument nor of the rights under it at the time his judgment was docketed. Mead v. Randall, 68 Minn. 233, 71 N. W. 31; Henderson v. Murray, 108 Minn. 76, 121 N. W. 214, 133 Am. St. 412.

Plaintiff made no attempt to show that she was ignorant of the deed from Lutroe to the bank at the time her judgment was docketed, and it necessarily follows that the trial court was correct in adjudging that she take nothing by this action.

Judgment affirmed.