## FARMERS NATIONAL BANK v. JOHN E. MURPHY AND ANOTHER.[1]

December 30, 1927.

No. 26,346.

**Judgment creditors had no knowledge of prior recorded deed from their debtor until after docketing of their judgments.**

To secure a debt an absolute deed was executed and recorded by the debtor to the creditor. The deed did not state that it was given to secure a debt, nor did it state the amount thereof. No mortgage registry tax was paid. Subsequently judgments were duly rendered and docketed against the grantor. In this action to declare the judgments prior to the rights of the grantee in the property, it is *held*:

The finding that the judgment creditors had no knowledge of the deed until after the docketing of their judgments is sustained by the evidence, and this, under circumstances disclosed, even though each judgment creditor was a bank and the only officer thereof who testified to the want of knowledge was the cashier in active charge of the collection of the notes upon which the judgments were based.

Mortgages, 41 C. J. p. 601 n. 64.

Action in the district court for Faribault county to have the lien of defendant Patrick Murphy upon certain land of the defendant Frank E. Murphy declared inferior to two judgments of the plaintiff against the defendant Frank E. Murphy. There were findings for the plaintiff, and defendants appealed from an order, Haycraft, J. denying their motion for a new trial. Affirmed.

*Allen & Allen,* for appellants.

*Frundt & Morse* and *Putnam & Carlson,* for respondent.

HOLT, J.

Defendants appeal from the order denying a new trial.

Of these facts there is no dispute: On March 8, 1922, defendant John E. Murphy deeded to his father, defendant Patrick Murphy, his one-third interest in a 150-acre farm in Faribault county. The

[1]Reported in 217 N. W. 132.

deed was duly recorded the same day. It purported to be an absolute conveyance, but was in fact given to secure an indebtedness of $4,639.15 from the son to the father. That it was intended as security for a debt, and the amount of such debt were not expressed in the instrument, as required by G. S. 1923, § 2322. The mortgage registry tax prescribed by G. S. 1923, § 2323, has not been paid. April 10, 1922, plaintiff obtained and docketed in said county a judgment for $963.27 against John E. Murphy. Two days later the Blue Earth State Bank obtained and docketed, in the same county, a judgment for $1,343.94 against John E. Murphy. The last judgment has been assigned to plaintiff. More than four months thereafter John E. Murphy was adjudicated a bankrupt and has been discharged. No part of the judgments has been paid. This action was brought to have the lien or interest acquired by Patrick Murphy by the deed mentioned adjudged subject and inferior to the judgments held by plaintiff. Findings embodying the above undisputed facts were made, and also this, decisive of the action, viz. that plaintiff and the Blue Earth State Bank did not know or learn of the conveyance from the son to the father until after their respective judgments against the son were docketed.

The only question presented by the appeal is the sufficiency of the evidence to support the finding last referred to. Under the decision in Engenmoen v. Lutroe, 153 Minn. 409, 190 N. W. 894, the banks' judgments take precedence over any rights acquired by Patrick Murphy through his deed, provided it be established that the banks had no knowledge of the execution and delivery of the deed to Murphy when the judgments were obtained and docketed.

The burden was on plaintiff to prove want of knowledge. The record of the deed in violation of the statutes above referred to did not give rise to any inference of knowledge on the part of the banks which needed to be rebutted.

Appellants argue that since banks have several officers to whom knowledge of the existence of this deed could have come, the testimony of the cashiers alone that they had no such knowledge until the docketing of the judgments falls short of sustaining the assailed

finding. There is some force in the argument. But here it appears that the cashier of each bank had in charge for his bank the promissory notes of John E. Murphy and turned the same over to their respective attorneys for suit in which the judgments involved were rendered. There is nothing in the evidence to indicate that any other officer of either bank took any part in the management of its business. These cashiers testified positively that they had no knowledge of the deed to Patrick Murphy until after the judgment in favor of their respective banks was docketed. Appellants both took the stand and undertook to prove such knowledge on the part of the banks. It is significant that this proof was directed to show knowledge of the cashier only of each bank. Patrick testified that he had done his business with these banks through these particular cashiers for upwards of 20 years, and no other officer was referred to. The testimony also discloses that immediately prior to the giving of the deed John had been pressed for the collection or securing of the notes upon which the judgments are based, and that the cashier of plaintiff had talked over John's debts with his father and had sought to have the latter secure them.

In that situation, if the son intended to prefer the father it is likely that both would hide such intention from the banks as much as possible. And the son in his testimony volunteered a statement indicating that the deed in question was executed at some small hamlet in the country and not at the county seat. One would expect a transaction of that sort to be given no publicity by the parties concerned under the circumstances. The instrument itself evidences an effort to conceal its true character.

No doubt the finding would have had more satisfactory support had the other officers or persons in active charge of the banks testified to the want of knowledge of the deed, or had there been a more detailed showing that none other than the cashier was likely to receive information in respect to this deed, or the transfer of real estate by the banks' debtors generally. However when the fact, which the trial court could find true, is considered, that the son, indebted to the father in a large sum and sorely pressed by the banks upon overdue obligations which the father was urged to

secure, deeded this farm, the natural inclination of both grantor and grantee would be to keep the transaction as secret as possible and especially away from those as keenly interested as were the officers of these banks. The most that can be said in favor of appellants is that the trier of fact could resolve the issue of knowledge of the execution of the deed either for or against plaintiff.

The inferences to be drawn from the situation of the parties and the testimony upon the question of actual knowledge were peculiarly for the trial court, and we are not justified in holding the decisive findings of fact thereon unsupported upon this record.

Order affirmed.