## GENEVIEVE B. MOOTY AND ANOTHER v. UNION BOND & MORTGAGE COMPANY.[1]

June 13, 1930.

No. 27,888.

*Charles Dealy* and *J. A. Cashel,* for appellants.

*M. J. Meeker,* for respondent.

DIBELL, J.

Action to set aside the foreclosure of a mortgage by advertisement. A demurrer to the complaint was sustained, and the plaintiffs appeal.

On October 24, 1922, the plaintiffs gave the defendant a mortgage on land in Pipestone county, and the mortgage was recorded. It became due on November 1, 1926. It was renewed, by an agreement in writing, for one year, and thereafter to November 1, 1928. No registration tax was paid upon the extensions.

On November 2, 1928, the defendant commenced foreclosure and on December 15, 1928, received the usual sheriff's certificate. There was a right of redemption for a year. The plaintiffs' claim is that

[1]Reported in 231 N. W. 406.

the foreclosure was void because of the nonpayment of the registration tax on the two extensions.

The plaintiffs rely on G. S. 1923 (1 Mason, 1927) §§ 2322, 2323, which had their origin in L. 1907, p. 448, c. 328, the latter section being amended by L. 1913, p. 213, c. 163, § 1, L. 1917, p. 97, c. 73, and L. 1921, p. 687, c. 445.

This statute and its construction have involved numerous complications. It was held constitutional against various objections in Mutual B. L. Ins. Co. v. County of Martin, 104 Minn. 179, 116 N. W. 572. There was in that case a specific holding that an agreement for an extension or renewal of the mortgage could not be recorded by the register of deeds without the payment of the registration tax. The act is a revenue measure, and the payment of the tax is enforced by making the instrument unenforceable until the tax is paid. The instrument is not void. In a way it is dormant and unenforceable until the tax is paid. Thus in Engenmoen v. Lutroe, 153 Minn. 409, 412, 190 N. W. 894, 895, the court reviewed the cases at some length and said:

"The act is a revenue measure purely, and the only purpose of its prohibitive provisions is to compel the payment of the prescribed tax. The mortgage, whatever its form, is not rendered void by failure to comply with the requirements of the statute, but remains unenforceable, unrecordable, ineffective as notice and inadmissible as evidence until the tax is paid."

The defendant foreclosed the mortgage of October 24, 1922. It was a valid mortgage. The fact that the registration tax was not paid on the extensions or that they were not recorded did not invalidate it. The defendant did not rely upon the extensions, was not using them in making its title, was not getting an advantage through them, and by their terms the time of extension had lapsed when the foreclosure was had. The fact that the tax on the instruments of extension was not paid does not invalidate the foreclosure. No one is relying upon the extensions, and the fact that they were made does not prevent the foreclosure of the mortgage. Everything

required by the statute to be stated in the foreclosure notice could be stated truthfully without mention of the extensions. The foreclosure was valid.

Order affirmed.