FRED GRUENBERG v. ELIZABETH SAUMWEBER.[1]

May 19, 1933.

No. 29,510.

[1]Reported in 248 N. W. 724.

*Smith, Waldorf & Jennings,* for appellant.
*Mueller & Buchmeier,* for respondent.

LORING, JUSTICE.

This is an appeal from a judgment in favor of the plaintiff in forcible entry and unlawful detainer.

Mary Weirens was the record owner of the fee to the real estate involved in this action. At various times she had contracts for the sale of this real estate with the appellant's husband upon which nothing had been paid. May 1, 1932, the appellant was occupying these premises under one of these contracts which was evidently in default. On that day Mrs. Weirens entered into a contract for the sale of the premises to the appellant, the husband not joining. The agreement stated that the vendee was to pay the sum of $5,600 in monthly instalments for the first year, commencing one year after the date of the contract; and also agreed to assume and pay a mortgage in the sum of $4,500 to which the property in question was subject; and to pay at once $300 of accrued interest on the mortgage and all taxes, including those delinquent for 1928. The appellant failed to pay the interest and taxes as agreed, whereupon Mrs. Weirens, on the sixth day of August, 1932, served the regular statutory notice of cancelation of the contract on the appellant. Just before the serving of this notice, foreclosure proceedings were commenced by the mortgagee, who had in the meantime paid the delinquent taxes. September 1, 1932, and within the 30-day period

after the notice of cancelation had been served, the appellant, her husband, and Mrs. Weirens entered into an agreement whereby the appellant was to pay to the First National Bank of St. Paul as "escrow holder" a sum equal to the amount due to the mortgagee for accrued interest and taxes paid by him. From the contract it is obvious that this was done to protect appellant from possible loss in the event Mrs. Weirens should be unable to redeem. The money was to be used by her in redemption if she did redeem from the foreclosure. The agreement stated that it was for the purpose of reinstating the contract sought to be canceled by the notice of August 6 and to "purge it of its defaults," but was in no way to alter the contract. On January 5, 1933, the appellant again being in default on the original contract, the vendor served the statutory notice of cancelation upon her. February 6, 1933, upon the expiration of the statutory period of 30 days after service of the cancelation notice, Mrs. Weirens leased the premises to plaintiff in writing for a period of one year. Appellant refused to vacate, and the lessee instituted these proceedings in forcible entry and unlawful detainer. From a judgment in favor of the plaintiff in justice court and again in municipal court the defendant appeals to this court.

The appellant contends that the plaintiff is not the real party in interest; that the registration tax paid by the vendor on the contract was insufficient inasmuch as no tax was paid on the $300 which by the terms of the supplemental agreement was to be paid to the First National Bank by the defendant and that therefore no valid cancelation proceeding could have been commenced by the vendor against the vendee; that there was no proof that the contract between this appellant and the vendor was in default at the time the cancelation notice was served; and lastly that the contract for deed and the cancelation proceedings thereunder describe premises different from those described in the lease under which plaintiff claims possession.

■ We shall first consider the contention in regard to the registration tax. The original contract specifically provided that the $300 was a "condition and additional charge exclusive of the pur-

chase price herein named" ($5,600). The $300 of back interest was already a lien upon the property under the $4,500 mortgage assumed by the appellant. We can see no difference between the $300 item and the agreement to pay the delinquent taxes. Both were past due items and liens against the property. This agreement to convey did not *create* them. The $300 lien arose out of and was created by the assumed mortgage. The taxes were assumed by the original contract. The appellant argues that the contract to pay the money under the supplemental agreement of September 1 created a new lien and was subject to the mortgage tax. This supplemental agreement stated that it in no way changed the original contract but was merely for the purpose of reinstating it and purging it of default. It was in effect a waiver of the defaults under the original instrument. The sum to be paid to the "escrow agent" was simply the amount of the $300 interest due the mortgagee and the amount of delinquent taxes paid by the mortgagee preparatory to the foreclosure proceedings. The appellant was already obligated on these items by the original contract on which the tax had been paid. At most there was a miscalculation of the registration tax amounting to 45 cents, and we do not hesitate to apply the doctrine of *de minimis non curat lex*. The original contract and not the supplemental agreement was the real basis of the cancelation, because the supplemental agreement did not change or add to the indebtedness. Mooty v. Union B. & M. Co. 180 Minn. 550, 231 N. W. 406. We hold the notice good.

■ The evidence of default was in the form of testimony in regard to book entries and sufficient to go to the jury as against any objection made by appellant. The jury found in plaintiff's favor. Its verdict was justified.

■ Plaintiff was entitled to the possession of the property under the lease. The record owner did not have the right to possession as against him. G. S. 1923 (2 Mason, 1927) § 9149, provides for the recovery of possession of real property after termination of a contract to convey the same and states that "in all such cases the *person entitled to the premises* may recover possession thereof in the manner hereinafter provided." Plaintiff in this case was the

one and the only one entitled to possession of the premises. Hence he was the real party in interest.

■ The final contention of the appellant is that the property described in the contract and the property described in the lease were not the same. The lease describes the same property as the contract to convey, but in addition to the description states: "except that portion of the within described property occupied by E. Lindbloom, for a gas and oil filling station." Both instruments carry the full description of the land, but the lease exempts part of the described portion. We think that the description in the lease substantially sets forth the premises to be occupied thereunder and can properly be ascertained by such description. The judgment follows the alternative description in the complaint.

Affirmed.

*Louis Solem,* for respondent.

[1] Reported in 248 N. W. 212.