## J. EMERSON GREENFIELD v. W. H. TAYLOR.[1]

January 10, 1919.

No. 21,041.

**Failure to pay mortgage registry tax — suspension of remedy.**

1. The failure to pay the statutory mortgage registry tax due upon an executory contract for the sale of land, does not render the contract or an assignment thereof void; such failure simply suspends the remedy and renders the contract unenforceable until the tax is paid.

**Vendor and purchaser — rights of assignee of contract.**

2. The assignment is of equal rank with the contract, and grants to the assignee the same but no greater rights as respects the enforcement of the contract than were vested in his assignor.

**Tender — effect on interest after tender in answer.**

3. A tender or offer of payment made by the answer of the vendee, in an action to enforce rights granted by an executory contract for the sale of land, is not sufficient to bar interest on the purchase price after the date of the offer so made, even though the offer would not have been accepted had the tender been made in money.

**Interest — computation as directed by judgment.**

4. There was error in not allowing interest on the balance of the purchase price of the land up to the time of payment to be made under the terms of the judgment.

Action in the district court for Itasca county to recover possession of certain real estate. The facts are stated in the opinion. The case was tried before Wright, J., and a jury which answered in the manner stated the two questions set forth in the second paragraph of the opinion. The court made findings and ordered judgment in favor of defendant. The subsequent proceedings are narrated in the third paragraph of the opinion. From the order denying his motion for a new trial and from the modified judgment entered pursuant to the order for judgment, plaintiff appealed. Modified and affirmed.

[1] Reported in 170 N. W. 345.

*Taylor, McOuat & Anderson* and *Howard W. Anderson,* for appellant.
*H. W. Stark* and *F. W. Allin,* for respondent.

BROWN, C. J.

Plaintiff was the owner of the land involved in this action and on November 16, 1910, entered into an executory contract for the sale thereof to one George Filiau. The contract was in the usual form of such instruments and definitely stated all the terms and conditions of the proposed sale. Filiau, the vendee, assigned the contract to defendant by an instrument in writing bearing date December 31, 1912; and thereby defendant succeeded to all the rights and became subject to all obligations granted and imposed by the terms of the contract to and upon Filiau. Default was made in the payments required by the contract, and plaintiff gave notice of the cancelation thereof, as provided for by statute, the notice bearing date June 7, 1913; the cancelation to become effective in 30 days, unless the default in the payments was sooner removed. There was no response to the notice, the overdue payments were not made, and soon after the expiration of the 30 days fixed by the notice plaintiff brought this action to recover possession of the land, alleging in the complaint that it was wrongfully withheld by defendant. Defendant interposed in defense the contract of sale and the assignment thereof, and certain matters tending to show a controversy between the parties as to the amount due plaintiff, together with an offer to pay the amount which the court should determine to be due thereon. The answer contained other allegations, but they are not now of special importance; all thereof were put in issue by the reply.

At the trial in March, 1914, the court ordered the submission of two special issues to a jury, both presented by the pleadings, namely:

(1) Was there an agreement between plaintiff and Filiau that any money due Filiau for work performed for plaintiff should be applied on the land contract, and

(2) The amount, if any, so due on August 12, 1912.

The jury answered the first question in the affirmative and to the second that there was due Filiau on August 12, 1912, to be applied on the contract the sum of $40. The verdict was returned on March 25, 1914. No proceedings were thereafter had in the action until March 26,

1916, on which date the cause was again before the court on the stipulation of the parties for the introduction of further evidence by defendant. The court finally disposed of the case on October 1, 1917, and by findings of fact and conclusions of law directed the entry of judgment in favor of defendant. Judgment was so entered on December 5, 1917. Plaintiff then moved for a new trial of the issues submitted to the jury, and for certain amendments of the findings of the trial court. A new trial was denied, but the findings were amended in one respect and the judgment ordered modified to correspond therewith. This amendment will be referred to again in disposing of a feature of the case to which it relates. Plaintiff thereafter appealed from the order denying a new trial and also from the judgment.

The questions presented by the assignments of error will be disposed of in their order. They do not require extended discussion.

1. The contract for the sale of the land was subject to the mortgage registry tax, which had not been paid by either party to the transaction prior to the trial of the action. The trial court was therefore right in holding that plaintiff's attempted cancelation of the contract was ineffectual for any purpose. Plaintiff does not contend to the contrary. First State Bank of Boyd v. Hayden, 121 Minn. 45, 140 N. W. 132. The tax had not been paid at the time of the assignment of the contract by Filiau to defendant, and, invoking the rule of the Hayden case, counsel for plaintiff does contend that the assignment was invalid and a nullity. The contention is not sound. The failure to pay the registry tax does not render contracts of this kind wholly void. First State Bank of Boyd v. Hayden, supra; Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455; Orr v. Sutton, 119 Minn. 193, 137 N. W. 973, 42 L.R.A.(N.S.) 146; Mason v. Fichner, 120 Minn. 185, 139 N. W. 485. The failure to pay the tax affects the remedy only, and until paid no valid proceedings can be had looking to the enforcement of the contract. That was the basis of the decision in the Hayden case. Hage v. Benner, 111 Minn. 365, 127 N. W. 3. But the rule there laid down has no application to this case. The assignment of the contract in question was not a step in the remedy, but a substitution of a new party for the vendee. It was of equal rank with the original contract, but in a state of dormancy and unenforceable until payment of the tax.

141 M.—26.

The tax was paid by defendant before the final determination of the action, thus rendering the contract and assignment enforceable and available to defendant as a defense to the action.

2. The parties to the contract were residents of the state of Wisconsin, and the contract was signed and executed in that state. Contemporaneously therewith Filiau made and delivered to plaintiff promissory notes for the purchase price of the land, payable at a bank in Superior, Wisconsin, and drawing interest at the rate of six per cent before and ten per cent after maturity. The land contract provided for the payment of six per cent interest on the deferred payments of the purchase price, "according to the tenor of said notes."

Defendant contended in the court below that, as the land was situated in this state, the transaction must be construed as a Minnesota contract and governed by its laws, and, construing the contract and promissory notes as in legal effect one contract, that there was a forfeiture of all interest on the deferred payments by force of section 5805, G. S. 1913, wherein it is provided that a stipulation for an increased rate of interest after maturity forfeits the entire interest. The trial court sustained that view of the case, and in its original finding directed a conveyance of the land to defendant, upon the payment by him without interest of the amount found due on the contract. But on the motion for a new trial the court concluded that the former holding was incorrect, and the findings were amended so as to direct the payment of interest from the date of the contract up to and including November 15, 1915, at the rate of six per cent per annum, and the judgment theretofore entered was ordered amended accordingly.

The land contract was full and complete in itself, without reference to the promissory notes, and prescribed all the terms of the sale, the amounts to be paid and the dates, and also the rate of interest on the deferred payments. In changing its findings on the subject of interest the court evidently proceeded on the theory that the contract and notes constituted separate and distinct contracts, and that the rate of interest was controlled by the contract and not by the notes. That conclusion is final; it was adverse to the contention of defendant that there was a forfeiture of all interest, under the statute cited, by reason of the increased rate after maturity, and, since defendant has not appealed, the

question of the forfeiture is not presented by the record. Counsel for plaintiff tacitly concede that the position of the trial court on this feature of the case by the amended findings is sound, and the only complaint now made is that there was error in limiting the period during which the interest should be computed to November 15, 1915; the contention being that the interest should continue until the payment of the balance found due on the contract. We therefore do not stop to consider whether the court was strictly right or wrong in separating the contract from the notes given for the price of the land. Under the rule applicable to mortgages and the notes secured thereby the court was probably right. 2 Dunnell, Minn. Dig. § 6205; Ames v. Benjamin, 74 Minn. 335, 77 N. W. 230; Green v. Northwestern Trust Co. 128 Minn. 30, 150 N. W. 229, L.R.A. 1916D, 739; Swedish-American Nat. Bank of Minneapolis v. First Nat. Bank of Gardner, 89 Minn. 98, 94 N. W. 218. But we are clear that there was error in limiting the interest to November 15, 1915. We discover from the record no theory on which that conclusion can be sustained. The limitation was not fixed by the contract, nor was there any such tender of the money due thereon as would as a matter of law terminate the running of interest after the tender was made. The offer of payment found in the answer would not have that effect, even though the offer would not have been accepted by plaintiff. Deering Harvester Co. v. Hamilton, 80 Minn. 162, 83 N. W. 44. Under the contract the interest continues until the debt is paid. The court was therefore in error in cutting it off at the arbitrary date stated in the amended findings. To this extent there must be a modification of the judgment.

3. The fact that Mrs. Greenfield, wife of plaintiff, is not a party to the action, will not affect the judgment insofar as it directs a conveyance of the land upon payment of the amount found due on the contract. Of course the wife is not bound by the judgment, for she is neither a party to the action nor to the contract. And if she shall for any reason refuse to join in a conveyance of the property, the judgment, upon payment of the money in court, will operate as a transfer of the interest of the plaintiff, leaving defendant with his right of action against plaintiff for damages for the failure to convey full title to the land, as required by the terms of the contract. 3 Dunnell, Minn. Dig. § 10092.

Plaintiff has no reason for complaint of the judgment in this respect. His wife may relieve him from difficulty or expose him thereto, as she determines to join or not join in the conveyance of the land.

4. We have considered all the assignments of error not embraced in what has already been said, and find no error for which there should be a reversal. The findings of the court and the special verdicts of the jury are sustained by the evidence, and there were no errors in the rulings to justify a new trial. The contention of defendant that the action of the court by the amended findings in correcting the error as to interest cannot be considered is not sustained. By the amended findings, the court in substance and effect ordered that the judgment theretofore entered in the action should be treated as modified to conform to the amended findings. The appeal was taken after the amendment was made and properly enough may be construed as bringing up the judgment as so modified.

The order denying a new trial is affirmed, but the cause will be remanded with directions to modify the judgment as to interest on the balance found due for the land to correspond with the views herein expressed. As so modified the judgment will be affirmed.

It is so ordered.