# HANS P. LARSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 14, 1922.

No. 23,000.

**Verdict for amputated hand not excessive.**

A verdict of $13,750 for the crushing of a hand necessitating the amputation of the arm four inches below the elbow *held* not so excessive as to indicate that passion or prejudice influenced the jury. Nor is it so large that this court should reduce it.

Action in the district court for Yellow Medicine county to recover $50,000 for personal injuries received while in the employ of defendant. The case was tried before Daly, J., and a jury which returned a 5-6 verdict of $13,750. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes*, for appellant.

*Tom Davis, Ernest Michel* and *Paul D. Stratton*, for respondent.

HOLT, J.

While at work as a switchman for defendant in interstate traffic plaintiff's left hand was crushed in attempting to operate a defective coupler, so that it became necessary to amputate the arm four inches below the elbow. Liability for the injury was conceded at the trial, and the only issue litigated was the amount of the damages to be awarded. The verdict was for $13,750, rendered by a five-sixths jury.

The only ground urged for a new trial is that the verdict is so excessive as to indicate that it was given under the influence of passion and prejudice.

Plaintiff's earnings for the year preceding the injury were $1,644. He is 26 years old. His education is limited, and opportunity for advancement in railroad operation is gone. No pain or suffering

[1]Reported in 189 N. W. 423.

except such as might be expected from such an injury as befell plaintiff was experienced by him. His stump healed quickly. The verdict is large, but not so excessive that we may from the amount thereof conclude that the jury were influenced by passion or prejudice. The record suggests nothing that might have actuated the jury other than an honest attempt to fix the damages in accordance with sober judgment. At the trial a witness of defendant who had lost both arms below the elbow demonstrated that with artificial hands the work of the natural members could be done to an extent almost incredible. Such testimony certainly tended to check the desire to award excessive damages. A verdict for $10,500 for the loss of an arm was held not excessive in Larson v. Haglin, 103 Minn. 257, 114 N. W. 958. For a like injury $15,000 was allowed in Greer v. Great Northern Ry. Co. 115 Minn. 213, 132 N. W. 6. In both the injury was greater than in the present case, in that the whole arm was gone, and therefor the assistance that may be had from an artificial hand is unobtainable, but the purchasing power of a dollar was vastly greater then than now. In White v. Chicago, M. & P. S. Ry. Co. 49 Mont. 419, 143 Pac. 561, $15,000 was held not excessive for an injury substantially like plaintiff's. We are of the opinion that the verdict should not be reduced by us.

We are not impressed with the suggestion of respondent that defendant should be penalized for taking this appeal.

The order is affirmed.