# HENRY JOHN AND EMMA JOHN v. GOTTLIEB TIMM AND WILLIAM A. TIMM.[1]

November 17, 1922.

No. 23,035.

**Allegation that mortgage tax has been paid unnecessary when validity of document is admitted by the answer.**

1. Where a land contract upon which a mortgage tax must be paid is pleaded in the complaint and admitted in the answer, its existence and validity are established. It is not necessary to allege in the complaint that the tax has been paid.

**Action not subject to dismissal for nonpayment of mortgage tax when payment is made before question of nonpayment is raised.**

2. The rule that an action commenced before the cause of action is completed must be dismissed, is not an unvarying one. An action on such a contract commenced before payment of the tax, is *held* not subject to dismissal on account of nonpayment of the tax in a case where the question is not raised until after the tax has been paid.

**Specific performance of land contract may be ordered after default of vendee under terms of contract.**

3. Such a contract may be ordered specifically performed. Under the contract involved in this case, forfeiture of earnest money paid is not the exclusive remedy of the vendor for default of the vendee.

**When vendor is required to furnish buyer with abstract of title, objections to title not raised are waived.**

4. Where a land contract requires the seller to furnish an abstract of title, and allows the purchaser a stipulated time for examination, and gives the seller a stipulated time to make good any defects, and an abstract is so delivered and examined, and defects are reported to the seller and are corrected, other objections to the title, not so raised, are waived.

Action in the district court for Redwood county for specific performance of a land contract. The answer interposed a counterclaim for $1,500 for failure to tender an abstract of title. The

[1]Reported in 190 N. W. 890.

case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Albert D. Flor*, for appellants.

*Alexander Seifert* and *Albert Hauser*, for respondents.

HALLAM, J.

This is an action for specific performance of an earnest money contract for the sale of land. The plaintiffs, husband and wife, were the sellers. Defendants, father and son, were the buyers. The court found for plaintiffs and defendants appeal. The contract was dated April 10, 1920. It recited that $1,500 earnest money had been paid. It provides for further payment of $4,500 March 1, 1921. Apparently a deed was contemplated at that time. Possession was to be given to the purchaser March 1, 1921. The parties assume that the contract is within the mortgage registry tax statute, G. S. 1913, § 2301, and that the payment of a registry tax is required by law. Whether it is or not, we do not decide. Whether it is or not, the result of this action is the same. Plaintiffs must prevail in either event.

This action was commenced in April, 1921. Issue was joined in May, 1921. The action was tried in January, 1922. The contract was offered in evidence, and it appeared, by indorsement on it, that a registry tax was paid November 21, 1921. Defendants contend that the action must fail because the registry tax was not paid prior to the commencement of the action. We think defendants' contention must fail for two reasons:

1. The contract was pleaded in the complaint and admitted in the answer. The answer further alleged that plaintiffs failed to perform the contract on their part by failure to tender good title, and that, by reason of such nonperformance, the contract has become null and void, and defendants demanded judgment for a return of the earnest money paid, in accordance with the terms of the contract. We have heretofore held that where such a contract is pleaded in the complaint and admitted in the answer and both parties predicate rights upon it, its admission in evidence is not

necessary, and it is not important, as between the parties, whether it is competent evidence or not. Pioneer L. & L. Co. v. Cowden, 128 Minn. 307, 150 N. W. 903. The complaint stated a cause of action. It was not necessary to allege payment of the tax. When the answer admitted the contract, its existence and validity were established. See Campbell v. Wilcox, 10 Wall. 421, 19 L. ed. 973.

2. We do not think the action should fail on the claim, now made, that its commencement was premature. The general rule is that if an action is brought before the cause of action is complete, the defendant may have it dismissed. Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. 663; Eide v. Clarke, 65 Minn. 466, 68 N. W. 98. But this is a mere question of practice. The rule is not an unvarying rule. Where circumstances are such as to excuse premature commencement of the action, or the interest of justice requires it, the court may in its discretion relieve against the rule. Brewer, J., in Smith v. Smith, 22 Kan. 699; 31 Cyc. 504. The statute under consideration provides that no mortgage or contract covered by the act shall be recorded until the registry tax has been paid, and that no such document shall "be received in evidence in any court or have any validity as notice or otherwise unless the tax shall have been paid." Section 2307. The rights of parties under this statute are now pretty well settled. No rights can be predicated on any contract within the statute until the tax has been paid. Notice to terminate such a contract given before the tax has been paid is void, and prior to that time all steps toward enforcement of the contract are nugatory. First State Bank of Boyd v. Hayden, 121 Minn. 45, 52, 140 N. W. 132. Yet, in the absence of a purpose to evade the law, the failure to pay the tax does not render the contract void. Mason v. Fichner, 120 Minn. 185, 139 N. W. 485; Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345. The contract exists without reference to the statute, but upon this existence the statute superimposes a state of dormancy, whereby its enforcement is held in absolute abeyance until the performance of the statutory condition precedent to its complete operation. First State Bank of Boyd v. Hayden, 121 Minn. 45, 140 N. W. 132. The contract may be assigned, and, if

the tax is paid by the assignee, such payment renders the contract and assignment enforceable. Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345. If not in accord with the agreement of the parties, it may be reformed. Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455; Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721. This contract was existent at the time of the commencement of the action. Its validity was affected only by the non-payment of the tax. Failure to pay this purely revenue tax would not affect its validity at all, in the absence of fraud or design to evade, if the statute did not so provide, 22 Cyc. 1619; Campbell v. Wilcox, 10 Wall. 341, 19 L. ed. 973. The validity of the contract is affected only by reason of the provision of Section 2307 above cited.

In Sittauer v. Alvin, 151 Minn. 508, 187 N. W. 611, plaintiff, the vendee in a land contract, sued the vendor in damages for cutting and converting timber and destroying a building on the land sold. Plaintiff alleged the contract; defendant alleged ownership of the property. It was held that the court properly received the contract in evidence, though the tax was not paid until after action brought, the court observing that the contract was not the cause of action sued on, but merely evidence of a link in plaintiff's chain of title to the property converted and destroyed, and further that "the title or rights under which plaintiff claims passed to him when the contract was delivered, even though the instrument could not be used as evidence until the tax was paid." In Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345, this court has held that such a contract is available as a defense, though in fact the tax was not paid when the contract was pleaded in defense. To substantially the same effect is Staples v. East St. Paul State Bank, supra. By parity of reasoning, where such a contract is pleaded in a complaint it should be available as a cause of action, if the tax is paid before trial. The question of non-payment of the tax was not raised by the pleadings, not until the trial and after the tax had been paid. We hold that, at least under such circumstances, the fact of non-payment of the tax should not avail to secure a dismissal of the action.

3. Defendants contend, that, under the contract, plaintiffs' only remedy is the forfeiture of the earnest money paid.

The contract provides that

"It is agreed that if the title to said premises is not good and cannot be made good within sixty days from Feb. 15th, 1921, this agreement shall be void, and the above Fifteen Hundred and no-100 Dollars ($1500.00) refunded. But if the title to said premises is now good, in the name of the vendor, or is made good in him within sixty days, and said purchaser refuses to accept the same, said Fifteen Hundred and no-100 Dollars ($1500.00) shall be forfeited to the said vendor."

The contract further provides, however,

"That said forfeiture shall in no way affect the right of either party to enforce the specific performance of this contract."

The language of this latter clause is decisive. Plaintiffs were not limited to the remedy of forfeiture. They might demand specific performance.

In Mackey v. Ames, 31 Minn. 103, 16 N. W. 541, it was held, under a similar contract, that, notwithstanding this last clause, the recovery of the earnest money was the only remedy of the vendee in case of failure of title. See also Lockwood v. Geier, 98 Minn. 317, 326, 108 N. W. 877, 109 N. W. 245. But in Dana v. St. Paul Inv. Co. 42 Minn. 194, 44 N. W. 55, the Ames case was distinguished and forfeiture was held not the only remedy for default of the vendor, even in the absence of the last clause found in this contract. The provision for forfeiture was held to be for the benefit of the vendor, which he might avail himself of at his election, and not intended to give the vendee an option to avoid the contract for his own default.

4. In addition to the provisions above quoted the contract required the sellers to furnish the purchaser a complete abstract of title to the land, "after which, ten days is to be allowed purchaser for examination of title and report."

An abstract was prepared and delivered to defendant Gottlieb, the father of William, who apparently acted for both. The court

found delivery of the abstract to the "defendants." Gottlieb gave it to a capable attorney to examine. The attorney examined it and reported certain defects. These were communicated to plaintiffs and they were corrected within the time specified in the contract for that purpose. Defendants now urge other defects in the title. We think the objection comes too late. Under such a contract as this, objection to the title must be made, if not within ten days allowed for examination, at least within such seasonable time as will afford the seller an opportunity to correct the defects in the title within the time limited by the contract. Objections to the title not so raised are waived.

Order affirmed.