## HENRY JOHLFS v. RENE CATTOOR.[1]

March 1, 1935.

No. 30,143.

Charles L. DeReu, for appellant.
Meehl & Donnelly, for respondent.

HOLT, JUSTICE.

Plaintiff sued to recover a certain sum of money paid at defendant's request. The sum was found to be $344.98. The amount is not in dispute. As a defense, offset, and counterclaim defendant alleged that plaintiff had paid the $344.98 upon the purchase of a

[1]Reported in 259 N. W. 57.

house and lot which defendant had agreed to sell to him; that plaintiff had taken possession thereof but refused to sign a written contract to purchase the same; and defendant prayed for specific performance. Findings were made in favor of plaintiff. Defendant's motion for amended findings or a new trial was denied, and he appeals from the judgment.

The evidence is that defendant owned a tract of land of suitable size for two homes on East Main street in the city of Marshall, this state; that he had built a bungalow on the one site which attracted plaintiff; that negotiations started to build a somewhat larger bungalow, with garage, on the other site, which plaintiff would buy; that they considered the plan and photograph of a bungalow then inspected as satisfactory; that the price of the lot was $800; that defendant had purchased and wrecked an old school building, and the suitable lumber therein should be used in the construction of the bungalow, and the value of the lumber so used should be fixed by a lumber dealer in Marshall, the balance of the material required and the labor should be furnished at cost by defendant; that some arrangement was made by which plaintiff furnished labor and material in the agreed amount of $344.98; that the total purchase price should be paid in monthly instalments of $30 each month, together with interest on deferred payments of three per cent per annum payable monthly; that the buildings were completed December 15, 1932, at which time plaintiff moved in; that on January 1, 1933, plaintiff paid defendant $30 and the same amount on February 1; that defendant caused a contract for deed to be drawn which he and his wife signed and requested plaintiff to execute, but plaintiff refused; that on February 12, 1933, fire destroyed the buildings or rendered them wholly untenantable; that some negotiations took place in regard to rebuilding, but no agreement was reached, as plaintiff desired substantial changes and defendant insisted on restoring the buildings substantially to what they were before the fire; and that no written agreement or memorandum was ever entered into by the parties.

The assignments of error assail the findings made as unsupported and the refusal to make the amended findings requested. The

judgment roll contains no reply, but defendant's counsel admitted in this court that reply was served, and the trial proceeded as if there was a reply. As we view the legal questions involved, there can be no doubt that if the three findings of fact, hereinafter quoted, are sustained by the evidence, they are decisive of plaintiff's right to the judgment and also conclusive against any relief by specific performance or otherwise being granted defendant, and justify the denial of the amended findings requested. The three findings are:

"3. That the plaintiff did furnish labor and material in the construction of said house of the reasonable value and agreed price of $344.98 which the defendant agreed to pay to the plaintiff in the event that the plaintiff did not purchase the said house and lot. * * *

"5. That the plaintiff paid to the defendant $30.00 about January first and $30.00 about February first, 1933, which was to be applied as a monthly rental for the use of said premises in the event that the plaintiff did not purchase the same and which was to be applied upon the purchase price of the premises in the event that the plaintiff did purchase the same. * * *

. "7. That no written agreement was ever entered into between the said parties with respect to said property; that the parties met on several occasions prior to and during the time of the building of the first house and discussed the matter of sale to and the purchase of said house by the plaintiff but that no definite agreement was ever reached with respect thereto and that the plaintiff never did purchase the said premises from the defendant."

These three findings, if warranted by the evidence, determine the rights of both parties in this appeal. Had there been an oral purchase of the premises, void under 2 Mason Minn. St. 1927, § 8460, plaintiff might not have been able to recover upon his cause of action if defendant were willing to convey upon the terms orally agreed upon. But finding No. 3 establishes conclusively that the material and labor plaintiff furnished for the construction of the building defendant agreed to pay for if plaintiff did not buy the premises. Plaintiff did not buy and signed no written contract or

memorandum to buy. The three findings take away from defendant every fact upon which either a defense to plaintiff's cause of action could be based or a right to specific performance could be predicated. There being no written contract or memorandum covering the real estate involved, part payment and taking possession under a definite oral contract would be the necessary elements upon which specific performance could rest. The findings referred to show that the $344.98 contributed by plaintiff to the construction of the house and garage was not a part payment or part performance of an agreement to buy the premises. Nor was the possession of plaintiff a part performance or a taking possession under an agreement to buy, but as a tenant under a lease pursuant to which the two $30 payments were made as rent. And, finally, finding No. 7 that no definite oral contract to buy the premises was ever made by plaintiff clearly precludes defendant from the relief he seeks.

Plaintiff's testimony is positive in support of each of the three findings quoted. It is true that defendant's evidence disputes and contradicts that of plaintiff, but it was for the trial court to determine what the true facts were. Conflict in evidence is not for the solution of an appellate court under our settled practice. We hold that the findings of the learned trial court are sustained by adequate evidence, especially the three quoted, which are considered determinative of the appeal. And in so far as the amended findings requested are material, the evidence is not such as to compel a trial court to make them. To reverse a refusal to make requested amended findings, it is not enough to show that there is evidence that would justify them had they been made. Defendant urges that he had fully executed his part of the contract, hence was entitled to specific performance notwithstanding there was no written contract or memorandum of plaintiff evidencing the transaction. The proposition is no more tenable than would be plaintiff's right to the same relief had he paid the full purchase price agreed on for the premises, but defendant had signed no written contract or memorandum to sell.

We need not consider what occurred after the fire for plaintiff did nothing thereafter that would in any manner bind him to any

bargain. All his actions after the fire were in denial of an agreement to purchase. The conduct of defendant after the fire could with better grace be urged as a refusal to recognize plaintiff as a vendee.

Defendant also based his motion for a new trial upon the ground of newly discovered evidence. This alleged newly discovered evidence cannot be well classified as such. It is more in the nature of cumulative and impeaching testimony. But beyond that, granting a new trial on such ground is largely within the sound judicial discretion of the trial court, and a very cursory examination will readily reveal that there was no abuse of such discretion in the instant case. Other assignments of error have been examined and found without merit.

The judgment is affirmed.