EDWIN A. LOF AND ANOTHER, *d. b. a.* ROY LAKE TIMBER COMPANY, v. BILL M. BILLINGTON.[1]

May 7, 1948.

No. 34,633.

*Marshall S. Snyder,* for appellant.
*C. U. Landrum,* for respondents.

LORING, CHIEF JUSTICE.

This is an appeal from a judgment for plaintiffs in an action brought in part for the cancellation of a contract for the sale of certain real estate and timber stumpage situate in Becker county, Minnesota. The agreed price of all property covered by the contract was $19,100, upon which defendant had paid but $6,000 and was in default for the balance. A temporary order restraining defendant from cutting timber from certain properties described in the contract was also sought. A considerable amount of personal property was included in the contract, but the only question presented here relates to the validity and admissibility in evidence of the contract.

At the trial, plaintiff offered in evidence the contract entered into between the parties, to which defendant objected on the ground that

---

[1]Reported in 32 N. W. (2d) 311.

there was no showing that the mortgage registration tax had been paid, and hence that the contract was not admissible in evidence, to which the court ruled that the exhibit would be received subject to the objection. No other ruling was made in the course of the trial relating to the receipt of the exhibit. The receipt of the contract in evidence was set forth as the basis for a motion for amended findings of fact and conclusions of law, which motion was denied. The appeal here is from the judgment and the whole thereof. The receipt of the contract in evidence is the only assignment of error made here.

M. S. A. 287.10 provides:

"No such mortgage, no papers relating to its foreclosure nor any assignment or satisfaction thereof, shall be recorded or registered unless the tax shall have been paid; nor shall any such document, or any record thereof, be received in evidence in any court, or have any validity as notice *or otherwise;* but, if the tax be paid, no error in computation or ascertainment of the amount thereof shall affect the validity of such mortgage or the record or foreclosure thereof." (Italics supplied.)

This case is controlled by Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, wherein the same problem was involved. In rejecting the argument that, because the answer admitted the existence of the contract and both parties had predicated rights on it, it was not necessary to allege and prove that the tax was paid, the court there said (153 Minn. 4, 189 N. W. 423) : "The vital question was whether plaintiff's rights under the contract had been terminated." Since the tax was not paid, such rights had not terminated. So it is here. Without payment of the tax, no cancellation of the contract as to real estate can be effected. The right to cancel has not matured. This case and the Engel case, *supra,* are distinguishable on their facts from John v. Timm, 153 Minn. 401, 190 N. W. 890, where the tax was paid after the commencement of the action. In the case at bar, there is no contention that the tax was paid, and consequently no cancellation of the contract could be decreed insofar as it related to real estate.

Judgment reversed and new trial ordered.