# GABRIEL BURMAN v. OLOF S. BURMAN AND ANOTHER.[1]

January 13, 1950.

No. 34,999.

*Loring & Anderson,* for appellants.

*Kelly, Berglund & Johnson,* for respondent.

---

[1]Reported in 40 N. W. (2d) 902.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court.

Plaintiff, Gabriel Burman, and defendant Olof S. Burman are brothers; defendant Anna J. Burman is Olof's wife. Plaintiff brought this action against defendants to recover possession of a note and mortgage or to have judgment for the value thereof in the sum of $1,500 with interest at the rate of 2½ percent per annum from April 27, 1939, together with attorneys' fees and costs; to have the amount adjudged a lien upon the land involved belonging to Olof; to annul and cancel a decree of registration and certificate of title issued in pursuance thereof insofar as it affected plaintiff's lien on the land; to adjudge and direct a sale of the land and apply the proceeds to the payment of the amount adjudged to be due, with interest, costs, and disbursements; and to bar and foreclose defendants and all persons claiming under them of all equity of redemption or interest in the land except the right to redeem as provided by statute.

Plaintiff alleged in his complaint that on or about April 27, 1938, he loaned Olof $1,500, and as evidence thereof defendants made and delivered to him a promissory note in that amount, with interest at 2½ percent per annum, secured by a first mortgage on certain land owned by Olof and described in the complaint; that no part of the principal or interest was paid except the interest to April 27, 1939; that in 1932 plaintiff built a summer cottage on the land pursuant to an agreement with Olof that the cottage would remain his, but that both would be entitled to use it as a place of relaxation and that if the land was sold plaintiff could either remove the cottage or be paid its fair value; that he was still in actual possession of the cottage pursuant to the agreement at the time of the trial; and that the mortgage was never recorded. Plaintiff also claimed that while his mortgage lien remained unsatisfied on the land Olof sought to secure a registration of his title pursuant to law, with intent to defraud him of his mortgage lien, by applying to the court on February 21, 1945, to have the title registered; that in his application Olof failed to make any reference to plaintiff's mortgage on

the land or to the cottage located thereon; that because of the false statements in Olof's application the examiner of titles made a report that Olof had title in fee to the premises free and clear of any encumbrances; that during the registration proceedings Olof caused an affidavit to be filed by his attorney requesting a summons to be issued in the matter, which affidavit did not name plaintiff as one of the defendants, and that because of this false application and affidavit Olof obtained from the court an order directing its clerk to issue a summons in the proceedings which did not include the name of plaintiff as one of the defendants; that when the matter came before a referee on September 25, 1945, Olof falsely testified that he did not know of any lien, claim, mortgage, or anything else against the land and that the court, induced by such testimony, as well as by the report of the referee and the examiner, rendered its final decree confirming the title to the land in question in Olof and ordered registration of the same adjudging Olof to be the owner in fee simple, subject only to the rights and encumbrances specified in M. S. A. 508.35 and the inchoate rights of his wife; that a certified copy of the decree was filed on September 25, 1945, in the office of the registrar of titles of Hennepin county, and a certificate and duplicate certificate of title were made and executed in conformity therewith. Plaintiff also claimed that the summons in the registration proceedings was never served upon him, nor did his name appear in the decree of registration, application, summons, examiner's report, or any other paper constituting any part of the files or records in the proceedings; and that he did not appear in any way in the registration proceedings and had no notice thereof. He testified that sometime during the first part of January 1947 Olof called him and stated that he wanted to pay the note and mortgage; that on January 9, 1947, he took the note and mortgage deed to Olof's house, handed him the papers, and that Olof took them and said that he would get in touch with him later; that on or about January 15, 1947, Olof called him again and stated that he should have some rent from plaintiff for the cottage and that he owed plaintiff about $700 on the note and mortgage; and that a few days later Olof

called again to say that he should have further credit for rent for plaintiff's cottage upon the land and that, figuring the rent at $300 a year, he considered that he owed plaintiff only about $7.50. Plaintiff said that he had made a demand for return of the papers or payment of the note and mortgage, but that Olof had done neither.

Defendants admitted in their pleadings that they made and executed the note and mortgage, but claimed that the $1,500 was a deposit for a joint trip to Europe in 1938 by plaintiff, defendants, and the latters' daughter; that while in Sweden plaintiff sustained an injury which caused defendants to be detained there at the request of plaintiff, which the latter denied, and at considerable expense to defendants; that upon their return to this country in December 1938 the note and mortgage given by defendants to plaintiff were returned to defendants by common agreement and were cancelled and destroyed; and that by reason thereof there has been nothing due or owing to plaintiff by defendants since that time. Olof further claimed that in 1932 he and plaintiff built the summer cottage referred to herein under an express agreement that no ground rental was to be charged plaintiff for a period of five years; that upon the expiration of that time the cottage was to be Olof's property; and that plaintiff has had no interest in the land or premises or the cottage, as a tenant or otherwise, since December 1938.

In an attempt to show that plaintiff had notice of the registration proceedings in 1945, defendants' attorney, David R. Thomas, who also represented them in that matter, was called as a witness. He testified that in addition to the property in this suit defendants also registered three other tracts, including their homestead, and that because the homestead was then held in joint tenancy with Olof's wife it was necessary to convey it to a third person, who would reconvey to Olof alone. Deeds were then introduced showing that plaintiff was the third party through whom title was passed. Mr. Thomas further testified that he informed plaintiff that Olof was registering all his real estate, including the lake property, and that plaintiff consented to the transaction without mentioning the mort-

gage. Plaintiff admitted his signature to the deed, but recalled no conversation with Mr. Thomas. He testified that he was sure he would have made some objection had the lake property been mentioned.

The case was tried by the court without a jury. The court found substantially as claimed by plaintiff and concluded:

(1) That the decree of registration rendered September 25, 1945, "is void and of no effect, and, together with the Certificate of Title entered or issued pursuant thereto, is set aside and annulled so far as it in anywise impairs or affects plaintiff's lien upon said real estate under and by virtue of the mortgage described in the complaint herein, and * * * so far as it affects plaintiff's interest and right in and to said summer cottage upon said premises."

(2) "That there is due and owing to plaintiff from the defendants of the mortgage debt mentioned in the complaint herein the sum of fifteen hundred and no/100 ($1,500.00) dollars with interest thereon at the rate of $2\frac{1}{2}\%$ per annum from April 27, 1939." That under and by virtue of the mortgage the plaintiff has a lien for said sum upon the premises described in the complaint. That the treasurer of Hennepin county is authorized and directed to receive and receipt for the registry tax in the amount of $2.25 upon the mortgage.

(3) That the mortgaged premises be sold according to the provisions of the law relating to sales of real estate upon execution and out of the proceeds of the sale plaintiff be paid his costs and disbursements and the amount adjudged to be due him, with interest, "or so much thereof as the purchase money received upon such sale will pay of the same," and ordered judgment accordingly.

The principal issues for our consideration are:

(1) Are the findings of the trial court supported by the evidence?

(2) Were defendants entitled to a dismissal of the action on their motion to dismiss, which was made when plaintiff rested and was renewed at the close of defendants' testimony?

(3) Was this action a permissible attack on the decree registering title to the premises?

■ In connection with the first question presented, while the testimony of the two opposing brothers in this action was in conflict in many respects, it appears to us that there was sufficient evidence in the record to sustain the findings and conclusions of the trial court. 1 Dunnell, Dig. & Supp. § 411, states in part that when an action is tried by the court without a jury its findings of fact are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. This rule applies whether the appeal is from a judgment, as here, or from an order granting or denying a new trial, and whether the evidence is oral or documentary. See, *Id.* and cases cited under notes 12 and 13. It is for the trial court to determine the weight and credit to be given the testimony of the witnesses when such testimony is in conflict. The function of the supreme court is to determine whether there was any substantial evidence to sustain the conclusions of the trial court. 1 Dunnell, Dig. & Supp. § 411; Exrieder v. O'Keefe, 143 Minn. 278, 173 N. W. 434.

In Shaughnessy v. Eidsmo, 222 Minn. 141, 145, 23 N. W. (2d) 362, 365, 166 A. L. R. 435, this court said:

"* * * Conflicts in evidence are not to be resolved on appeal, and the trial court's findings will not be disturbed unless they are manifestly and palpably contrary to the evidence. We find here ample evidence to sustain the findings. Seitz v. Sitze, 215 Minn. 452, 455, 10 N. W. (2d) 426, 428; Johlfs v. Cattoor, 193 Minn. 553, 556, 259 N. W. 57, 58; Bicanic v. J. C. Campbell Co. 220 Minn. 107, 113, 19 N. W. (2d) 7, 10; 1 Dunnell, Dig. & Supp. § 411."

■ Defendants moved to dismiss when plaintiff rested, on the ground that plaintiff had not made a prima facie case upon the record as it then stood and that it conclusively appeared that plaintiff could not recover under any circumstances. This motion was denied, and it was renewed when defendants rested. They argue in their brief that, as the record appeared when they renewed their

motion to dismiss when they rested, plaintiff was not entitled to recover as a matter of law. They concede that, although the record does not reflect a denial of the motion made when they rested, it must be conclusively assumed that it was denied, since the court entered its decision upon that record in favor of plaintiff. Defendants further contend in their brief that as the record then stood there was no evidence that any mortgage registration tax had been paid on the mortgage and that therefore it remained dormant and unenforceable. They agree in their reply brief that in State Bank v. Sylte, 162 Minn. 72, 202 N. W. 70, it was held that an objection to nonpayment of a mortgage registry tax came too late when made for the first time by objection to the entry of judgment, but they contend that in the case at bar the objection was made upon the trial and also in their motion for amended findings.

It appears to us from an examination of the record that the first time defendants specifically raised the objection that no mortgage registry tax had been paid was in paragraph X of their motion of September 18, 1948, to strike the findings of fact and conclusions of law made by the court on June 3, 1948, which motion was denied. It also appears from an endorsement on these findings and conclusions, made by the county treasurer and countersigned by the county auditor, that the mortgage registry tax was paid on the same date the findings and conclusions were made, to wit, June 3, 1948.

It is our opinion that under the facts and circumstances of this case defendants were not entitled to a dismissal.

In Greenfield v. Taylor, 141 Minn. 399, 401, 170 N. W. 345, 346, which involved an executory contract for the sale of land which was subject to a mortgage registry tax which had not been paid by either party to the transaction prior to the trial of the action, this court said:

"* * * The failure to pay the registry tax does not render contracts of this kind wholly void. [Citing cases.] The failure to pay the tax affects the remedy only, and until paid no valid proceedings can be had looking to the enforcement of the contract. That was the basis of the decision in the [First State Bank of Boyd v.] Hayden

case [121 Minn. 45, 140 N. W. 132]. Hage v. Benner, 111 Minn. 365, 127 N. W. 3. But the rule there laid down has no application to this case. The assignment of the contract in question was not a step in the remedy, but a substitution of a new party for the vendee. It was of equal rank with the original contract, but in a state of dormancy and unenforceable until payment of the tax. The tax was paid by defendant before the final determination of the action, thus rendering the contract and assignment enforceable and available to defendant as a defense to the action."

In John v. Timm, 153 Minn. 401, 190 N. W. 890, an action for specific performance of a land contract, the question of nonpayment of the tax was not raised by the pleadings, not until the trial and after the tax had been paid. We held there that under such circumstances the fact of nonpayment of the tax should not avail to secure a dismissal of the action.

In Nelson v. Poss, 172 Minn. 149, 157, 214 N. W. 787, 790, this court deemed it of no consequence that the mortgage registry tax was not paid until after the trial, but before final submission of the case, there being no finding that its nonpayment was intended to defraud the state of its revenue. The court there said:

"* * * In fact, the deed was admitted by the pleadings and was the instrument attacked by plaintiff, but not on the ground of invalidity because of the nonpayment of the mortgage registry tax. The delayed payment did not prejudice plaintiff. Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345; John v. Timm, 153 Minn. 401, 190 N. W. 890; Engenmoen v. Lutroe, 153 Minn. 409, 190 N. W. 894."

See, also, Kirk v. Welch, 212 Minn. 300, 305, 3 N. W. (2d) 426, 429.

In the case at bar, the question of the nonpayment of the tax was not raised by the pleadings, but in our opinion was raised for the first time in the motion to amend the findings made about three months after the findings were made and after the tax had been paid. There was no finding that nonpayment of the tax was intended to defraud the state of revenue. The note and mortgage were admitted in the pleadings and were not timely attacked because of

the nonpayment of the registry tax, but on the ground that there had been a full settlement and accord and satisfaction in December 1938, when defendants claim that the note was declared paid and the note and mortgage returned to defendants and, by common agreement between the parties, cancelled and destroyed. We cannot see how the delayed payment of the tax under the facts and circumstances of this case prejudiced defendants, especially when there appears to have been no specific objection raised by them in the matter until several months after the findings and conclusions had been made.

Defendants in their reply brief cite Lof v. Billington, 226 Minn. 238, 32 N. W. (2d) 311, as controlling, but in that case the objection to nonpayment of the tax was made at the trial. The court distinguished it from John v. Timm, 153 Minn. 401, 190 N. W. 890, *supra,* where the tax was paid after the commencement of the action.

We now come to defendants' last contention, that this action is a nonpermissible attack on the decree registering title to the premises.

Without entering upon a prolonged discussion of the nature and effects of Torrens proceedings and the conditions under which they may be attacked, we think that this attack is permissible. The trial court found that defendant Olof, with intent to defraud plaintiff of his mortgage lien, knowingly omitted plaintiff's claim from the registration proceedings; that plaintiff had no notice thereof, actual or constructive; that Olof's application to register title to the land was false and untrue; and that as a result of his false and untrue testimony in the registration proceedings, to the effect that he knew of no mortgage, lien, or claim against the land, together with the report of the referee and examiner, the court was induced to render its final decree confirming title to the land in Olof. The court also found that no sale or conveyance of the land had been made by defendants since the issuance of the certificate of title or since the time of the trial of the action, and it concluded that the decree of registration was void and of no effect.

In Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 A. S. R. 394, we held that when the name of a claimant is known to an applicant in connection with registration proceedings, either from the report of the examiner or from other sources, the summons cannot be served upon such claimant by publication unless his name appears in the summons; that the concealment of his claim is a fraud on the court; and that the decree entered therein is of no force and effect as to the claimant. In that case, as here, it appeared that applicant knew before he filed his application for registration that the plaintiff claimed a mortgage lien upon the land in question. We said that it was necessary, therefore, that the name of the plaintiff should appear in the summons.

Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7, involved a proceeding under the so-called Torrens act to register title to land in the city of St. Paul. The important question in that case was whether applicant Riley and one of the defendants, Daniel Aberle & Sons, were bound by a previous registration decree to one Pearson, which decree adjudged their easements to be limited to the life of the building. It was the claim there that it was not shown that Pearson, in her registration proceedings, knew of the perpetual easements claimed by Riley and Aberle and that, in any event, there must be a direct action to set aside or modify the decree. We said there that it might be that applicant Pearson, at the time of her registration proceedings, had no actual personal knowledge of the duration of the easements claimed by Riley and Aberle, but that her attorney had or at least was charged with such knowledge from the examiner's first report, the deed of record, and the fact of possession. We further said that the applicant Pearson was charged with the knowledge acquired by her attorney, as he knew every fact relating to the claims of Riley and Aberle, and it was immaterial if he still considered that the easements continued only so long as the store building should stand. The court went so far as to say there that it did not believe that there was any intent to commit a fraud on the court, but that such actual intent of purpose to de-

fraud the claimant was not necessary, stating (120 Minn. 222, 224, 139 N. W. 365):

"* * * We think that constructive fraud is sufficient, and that the omission to disclose the adverse claims was such a fraud upon the court. * * * It is the fact itself that a known claimant was not made a party or served that makes the judgment not binding upon him, rather than any bad faith in concealing the existence of the claim or claimant.

"* * * The fact still remains that neither in the application, nor in the petition for the summons, was any mention made of the easements claimed by Riley and Daniel Aberle & Sons. It is, of course, the duty of the court to determine what parties shall be named as defendants in a registration proceeding; but it is not to be expected that the court can or should do this without the aid of the applicant and the examiner. * * *

* * * * *

"* * * In its last analysis the case reduces itself to the plain proposition that no man can be deprived of his property without notice and an opportunity to be heard. We may call the attempt to do this fraud, or we may say it was a mistake; but the result is the same—a judgment claimed to be binding against known owners of an interest in the land, who were not made parties or served with summons, and who had no actual notice of the suit."

The findings and conclusions of the trial court that Riley and Aberle were entitled to a perpetual easement were affirmed.

Defendants cite Doyle v. Wagner, 108 Minn. 443, 122 N. W. 316, which we do not consider as controlling here. That was an action to foreclose a mechanic's lien on the land of defendants. The defense was a decree registering the title under the Torrens system which did not recognize and establish the alleged lien of plaintiffs. In that case the court said (108 Minn. 446, 122 N. W. 317):

"* * * the plaintiffs were not named in the summons as defendants, nor was it personally served on them, presumably for the reason that the defendants' lot was not described in the lien statement

filed; hence no reference was made to it in the abstract and examiner's report filed in the registration proceedings. The plaintiffs were, nevertheless, parties to the proceedings by virtue of the provisions of section 15.[2] The registration proceedings were regular, and there was no fraud in obtaining the decree. It follows that the plaintiffs were bound by the decree, although it did not recognize or establish their lien."

Neither do we consider Henry v. White, 123 Minn. 182, 143 N. W. 324, L. R. A. 1916D, 4, and Dean v. Rees, 208 Minn. 38, 292 N. W. 765, as determinative here, since in both those cases the court held in effect that a judgment which on its face disclosed no lack of jurisdiction was not subject to collateral attack. It is the contention of defendants that the purpose of this action was for the recovery and reformation of the note and mortgage or, in lieu thereof, judgment for the principal, and only incidentally and secondarily to establish it as a lien. They contend that the present action is a collateral attack. We believe, however, under the facts and circumstances of this case, as tested by the reasoning of this court in In re Trusteeship Under Will of Melgaard, 200 Minn. 493, 274 N. W. 641, that the attack here is direct. Plaintiff here, in his prayer, among other things, demanded judgment that he was the owner and entitled to the immediate possession of the note and mortgage; that he recover possession of the same or have judgment for the value, with interest, in case recovery of possession could not be had; that the amount due, with attorneys' fees, be adjudged a lien upon the land; that the decree of registration and certificate of title be annulled and cancelled insofar as it impaired or affected his lien on the land by virtue of the mortgage; that the mortgaged land be sold and the proceeds applied to the payment of the amount adjudged due; that the note and mortgage be reformed to conform with the

---

[2] L. 1905, c. 305, § 15, provided for the form and service of the summons in registration proceedings under the act, and stated in part: "It shall be served * * * upon 'all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the application herein,' * * *."

intention of the parties; and for damages in the amount of $1,500 with interest.

It is our opinion that the judgment of the trial court should be affirmed.

Affirmed.