Francis FOGERTY, et al., Respondents,

v.

Herbert H. ROSENWALD, et al., Appellants.

No. C5-86-234.

Court of Appeals of Minnesota.

Aug. 5, 1986.

Review Denied Oct. 17, 1986.

Felix A. Mannella, Catherine A. Dallner, Babcock, Locher, Neilson & Mannella, Blaine, for respondents.

Timothy R. Erlander, Minneapolis, for appellants.

Heard, considered, and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

LESLIE, Judge.

Herbert and Helen Rosenwald appeal from a judgment granting summary judgment in favor of respondents Francis Fogerty and William Fogerty. We affirm.

## FACTS

On June 1, 1978, appellants and respondents entered into a contract for deed in which appellants agreed to sell respondents approximately 7.5 acres of real estate in Anoka County. The parties actually executed two contracts for deed on the same day for the same property. The contracts were identical in terms except that one referred to a down payment of $50,500 and a total purchase price of $174,500 and the other provided for no down payment and a total purchase price of $124,500. No down payment was ever paid. Neither of the two contracts for deed has been recorded, and no mortgage registration tax has been paid.

Appellants served notice of cancellation of the contract for deed on July 1, 1985. The notice of cancellation stated that the contract for deed would terminate thirty days after service of the notice unless respondents paid the required installments for May and June of 1985, real estate taxes, attorney's fees, and costs of service. The notice also indicated that no mortgage registration tax had been paid to the treasurer of Anoka County. Respondents filed suit, seeking a declaratory judgment that the notice of termination was null and void, that respondents are entitled to recover all rights existing under the contract for deed, and that appellants are permanently enjoined from undertaking any further proceedings to effectuate termination of the contract for deed. There was a dispute as to whether respondents owed the amounts indicated in the notice of cancellation of the contract for deed. Appellants, alleging that respondents had not complied with the terms in the notice of cancellation dated July 1, 1985, claimed that the contract terminated.

The trial court determined that under Minn.Stat. § 287.10 (1984) a mortgage registration tax must be paid prior to cancellation of a contract for deed. The court found that no mortgage registration tax was paid on the contract appellants were attempting to cancel. Consequently, the court concluded that the attempted contract cancellation was null and void for failure to pay the tax. The court restored to respondents all rights existing under the contract for deed dated June 1, 1978.

## ISSUE

Did Minnesota law as of July 1, 1985 require payment of a mortgage registra-

tion tax prior to cancellation of a contract for deed?

## ANALYSIS

Appellants argue that as of July 1, 1985, the date of service of notice of cancellation, Minnesota law did not require payment of a mortgage registration tax prior to cancellation of a contract for deed.

Two key statutes are involved in this case, both of which have been amended since the time the parties entered into the contract for deed in 1978. Minn.Stat. § 287.05, subd. 1 (1982) imposed a tax of $.15 upon each $100 of the principal debt that is or may be secured by any mortgage of real property situated within the state and recorded or registered. A contract for deed is deemed to be a mortgage on the land for the unpaid balance of the purchase price for purposes of Minn.Stat. § 287.05. Minn.Stat. § 287.02 (1984); *Greer v. Kooiker*, 312 Minn. 499, 509, 253 N.W.2d 133, 140 (1977). In 1983, the legislature amended Minn.Stat. § 287.05, subd. 1 to provide that the mortgage registration tax no longer applies to "a contract for the conveyance of real estate or any interest in real estate recorded or registered on or after January 1, 1984." Act of June 14, 1983, ch. 342, art. 2, § 24, 1983 Minn.Laws 2234 (codified as amended at Minn.Stat. § 287.05, subd. 1 (1984)). In the present case, the contract for deed has never been recorded nor registered.

At the time the legislature amended § 287.05, it made no change in Minn.Stat. § 287.10 (1982). That statute imposed the mortgage registration tax on any papers relating to foreclosure that are recorded or registered. Proceedings for cancellation of a contract for deed that is in default are in the nature of a statutory foreclosure. *See Dale v. Pushor*, 246 Minn. 254, 258, 75 N.W.2d 595, 598 (1956). The supreme court has applied the mortgage registration tax to cancellations of contracts for deed. *See Lof v. Billington*, 226 Minn. 238, 32 N.W.2d 311 (1948) (a contract for the conveyance of real estate upon which a mortgage registration tax has not been paid

pursuant to Minn.Stat. § 287.10 cannot be cancelled for default even though both parties admit the existence of the contract); *Engel v. Mahlen*, 153 Minn. 1, 189 N.W. 422 (1922) (right to enforce contract for the conveyance of land held in abeyance until mortgage tax paid). Section 287.10 also provided that a document or any record of the mortgage would not be received in evidence in any court and would not constitute valid notice unless the tax had been paid. "The purpose of the statute is to collect revenue prior to the use of the document for recording purposes or foreclosure." *Greer*, 312 Minn. at 509, 253 N.W.2d at 141.

In 1985, however, the legislature amended Minn.Stat. § 287.10 to provide that the tax imposed by this section no longer applies to "a mortgage or a contract for the conveyance of real estate that is exempt from taxation under section 287.04 or 287.-05, subdivision 1." Act of July 5, 1985, ch. 18, § 3, 1985 Minn.Laws 2767–68 (codified as amended at Minn.Stat. § 287.10 (Supp. 1985)). This amendment became effective August 1, 1985 and therefore does not apply to the notice of cancellation in this case, which was served on July 1, 1985 and indicated that the contract for deed would terminate on July 31, 1985.

Nevertheless, appellants claim that modification of Minn.Stat. § 287.05 by the 1983 legislature without a corresponding modification of § 287.10 was an oversight that created an ambiguous situation. No tax was required for recordation or registration of a contract for conveyance of real estate but payment of the tax appeared to be required prior to recordation or registration of any papers relating to foreclosure of such a contract. Appellants argue that the 1985 amendment to § 287.10 merely clarified the legislature's intent regarding the 1983 amendment to § 287.05. They contend that it is unreasonable to think that the legislature intended to exempt contracts for the conveyance of real estate from the requirement of a registration tax and still require payment of the tax prior to

recordation of papers relating to foreclosure of the same type of contract.

We reject appellants' contention that the two statutes in existence in 1984 can be read together to eliminate the tax for cancellation of contracts for deed. Chapter 287 is a tax statute governing the mortgage registration tax. Prior to January 1, 1984, payment of the tax was a precondition for both recording and cancelling a contract for deed; either of these two events would trigger the tax. In 1983, the legislature removed one of these triggering events—recording. The legislature did not eliminate the second triggering event, foreclosure, until after appellants served notice of cancellation in 1985. In addition, the 1985 amendment to Minn.Stat. § 287.10 was not made retroactive; rather, the statute became effective on August 1, 1985, applicable at that time to contracts for the conveyance of any interest in real estate executed before, on, or after that date. We believe that the language of the statutes in effect on July 1, 1985 clearly imposed a mortgage registration tax prior to an attempt to cancel the contract for deed.

Respondents also claim that even if the 1985 amendment were to apply to the facts of this case, appellant would still be required to pay the mortgage registration tax prior to cancellation. Minn.Stat. § 287.10 (Supp.1985) provides that no tax is required for foreclosure in the case of a mortgage or contract that is exempt from taxation under § 287.05, subd. 1. Minn.Stat. § 287.05, subd. 1 states that no tax is required for the conveyance of real estate "recorded or registered on or after January 1, 1984." At least one commentator has stated that in the case of a pre–1984 contract for deed that the vendor chooses not to record, the mortgage registry tax must still be paid prior to cancellation. *See* Wertheim, *New Contract for Deed Changes*, The Hennepin Lawyer 4, 18 (Sept.—Oct. 1985).

We find it necessary to clarify that portion of the trial court's order in which the court "permanently enjoined [appellants] from undertaking any further proceedings to effectuate the termination of the contract for deed dated June 1, 1978 * * *." At oral argument, both counsel agreed that the trial court intended that appellants be enjoined from cancelling the contract for deed *based on the attempted cancellation on July 1, 1985*. According to both counsel, respondents are current in their payments at this time. If, however, respondents are in default in the future, appellants could record the contract for deed without paying a tax pursuant to the 1983 amendment to § 287.05 and then would be exempt from paying a tax when attempting to cancel under the 1985 amendment to § 287.10.

## DECISION

The trial court did not err in granting summary judgment against appellants for failure to pay the mortgage registration tax.

Affirmed.